# UNITED STATES DISTRICT COURT

for the

Central District of California

Western Division

ED CV18-01762 RGK (SPx)

Hudena James, an individual
Mercedes Green, an individual

Case No. _____
(to be filled in by the Clerk's Office)

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

U.S. Bancorp, a business entity, form unknown
U.S. Bank National Association aka U.S Bank
Andy Cecere, an individual,

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

A.   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Hudena James and Mercedes Green |
| Street Address | 23729 Bouquet Canyon Place |
| City and County | Moreno Valley |
| State and Zip Code | California 92557 |
| Telephone Number | 909-732-2450 |
| E-mail Address | N/A |

B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

FEE PAID

Complaint for a civil case continued:

Kathy Sandoval, an individual, Andy Nguyen, an individual, Does 1-10

**Hudena James**
**Mercedes Green**
**23729 Bouquet Canyon Place**
**Moreno Valley, Ca 92557**
**(909) 732-2450**

## UNITED STATES FEDERAL DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hudena James , an Individual | ) CASE NO.: |
| Mercedes Green, an Individual | ) |
| vs. | ) COMPLAINT FOR CIVIL RIGHT |
| US Bancorp, a business entity, form unknown | ) VIOLATIONS; |
| US Bank National Association aka US Bank, Kathy Sandoval | ) CONTRACTS |
| , an Individual | ) DISCRIMINATION UNDER |
| Kathy Sandoval, an Individual | ) 42 U.S.C.A. § 1981; |
| Andy Nguyen, an Individual | ) DISCRIMINATION UNDER |
| Does 1- 10. | ) 42 U.S.C.A. § 1983; |
| | ) INTENTIONAL INFLICTION |
| | ) OF EMOTIONAL DISTRESS; |
| | ) NEGLIGENT INFLICTION OF |
| | ) EMOTIONAL DISTRESS; |
| | ) SUPERVISE, AND DISCIPLINE |
| | ) AS TO BANK EMPLOYEES; |
| | ) UNRUH CIVIL RIGHTS ACT; |

**Plaintiffs Hudena James and Mercedes Green alleges:**

## PRELIMINARY STATEMENT

1. **On or about May 1, 2018, Defendants unlawfully discriminated against both Plaintiffs: Hudena James, father, and Mercedes Green, daughter, by refusing to open up a bank account for either party. The particulars are that Plaintiff Mercedes Green asked the initial US Bank clerk at the US Bank in Alta Loma to cash a personal injury settlement check from her attorney in the amount of $50,000 and was told by the US Bank clerk that she could only cash the check if she opened up a NEW account at the aforementioned bank.**

1

2. **Both Plaintiffs: Hudena James and Mercedes Green took a seat to wait for another employee to open up the new account. While they were both seated, the original US Bank clerk that told us to have a seat informed us that her co-worker, Andy Nguyen, said he couldn't open up an account because Mercedes Green didn't live in the area. He said my daughter Mercedes Green lived in Victorville and the bank we were at was in Alta Loma. Victorville is approximately 44 miles from Alta Loma. I debated the matter with him to no avail and then left the bank in disgust after debating the decision to let my daughter, Mercedes Green, open up an account became obviously futile.**

3. **In the interim, my daughter sat in the US Bank parking lot in Alta Loma and called their Corporate Office and asked to open up an account by phone. The Corporate Office subsequently did, what the local physical office in Alta Loma failed to do, and opened an account over the phone with no problem.**

4. **While my daughter was consulting with the Corporate Office of US Bank by phone, I also called the Corporate Office of US Bank at the same time to voice my displeasure about my daughter not being able to open an account in person and I explained to the corporate office that they would not open an account for my 35-year old daughter because she didn't live in the area.**

5. **The Corporate Office said they would send an email to the bank Manager at the local US Bank Branch in Alta Loma and correct the matter because my daughter should have been able to open an account in person at the local US Bank.**

6. **Meanwhile, I went back to the physical US Bank and asked to see the bank manager. She was Kathy Sandoval and she assured me that it was indeed the US Bank policy that my daughter had to live within a 5 to 6 mile radius of the actual US Bank in Alta Loma in order to open an account.**

7. **I said to her that you mean even I couldn't open up an account and I live in Riverside and she told me even I had to live or work within a 5 to 6 mile radius of the bank in order to open an account at the local office of US Bank in Alta Loma (Alta Loma is a mere 29 miles from Riverside)**

8. **I said, in frustration, you mean every account holder in this bank lives within a 5 to 6 radius of the bank. She said she had been there less than a year and she couldn't actually answer that question but she assured me that it was the current bank policy now and that no one could open up an account that lived outside a 5 to 6 mile radius of the bank and also she said that I had to work or live in the area.**

9. **I said again, in frustration, that everyone that has an account within this bank lives within a 5 or 6 miles radius of the bank. She said again that she was newly hired and she didn't know if everyone in the bank with an account lived within a 5 to 6 miles radius but that it was the bank policy now. I said this is racist and she replied I hate you feel that way but it is the US Bank Policy. I left in frustration.**

10. **On or about May 10, 2019, I sent a letter to all the interested parties in the case and requested that they preserve all evidence in the case and to not**

delete or destroy any evidence regarding the incident of May 1, 2018 at the local US Bank in Alta Loma.

11. On or about May 31, 2018, I received a phone call from the District Manager of US Bank in which he admitted the employees for that US Bank in Alta Loma had made a terrible mistake and that there was no such bank policy requiring you to live within a 5 to 6 mile radius of the bank and that the 5 to 6 mile radius was simply a marketing strategy and not a bank policy. He said we should have been able to open up a bank account at the Alta Loma US Bank and that he himself had several bank accounts where he did not live. He said the employees were sorry for the treatment they gave us and apologized for their particular behavior.

12. We obviously had the right to open up a bank account at that particular bank and yet they refused both of us that opportunity based on the basis of our perceived race, gender, color, ethnicity, ancestry, and or national origin.

13. Defendants had no legitimate nondiscriminatory reason to justify their treatment of Plaintiffs.

14. This civil rights lawsuit is brought to ensure that the promise of equal treatment embodied in federal and state anti-discrimination laws does not become a meaningless guarantee for persons perceived to be of African American Ancestry.  Since the election of President Donald Trump our nation has witnessed an alarming rise in incidents of discrimination against persons perceived to be of African American Ancestry.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 and 1343.This Court has pendant and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C.A. § 1367. Declaratory and injunctive relief is authorized by 28 U.S.C.A. §§ 1343(a)(4), 2201, and 2202. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

16. The events giving rise to the claims alleged in this Complaint arose at the US Bank in Alta Loma, California. Specifically, 9696 Baseline Road LM-CA5008 Alta Loma, California 91701. Defendant US Bank maintains a business presence at the city of Alta Loma, State of California.  Venue lies in this Court pursuant to 28 U.S.C.A. § 1391 (b) (2).

**Jury Trial Demanded:**
☐ ☐
**Yes**
☐ ☐
**No**

3

## PARTIES

17. Plaintiff, Hudena James, age 64, is an African -American male resident of County of Riverside and State of California.

18. Plaintiff Mercedes Green, age 36, is an African- American female is a resident of the County of San Bernardino and State of California. (They are Father and daughter.)

19. Defendant U S Bankcorp is incorporated in Minnesota with Headquarters at 80 South 8th Street, Suite 224, Minneapolis 55402. Defendant U S Bankcorp maintains a business presence at the 9696 Baseline Road, LM-CA5006, Alta Loma, California 91701.

20. U.S. Bank National Association aka U.S. Bank, Defendant is incorporated in Minnesota with headquarters at 80 South 8th Street, Suite 224, Minneapolis 55402. US Bank National Association aka US Bank and maintains a business presence at 9696 Baseline Road, LM-CA5006, Alta Loma, California 91701.

21. Andy Cecere, an Individual was an agent and/or employee of U.S. Bank National Association aka U.S. Bank and was acting within the scope of [his employment.  Upon information and belief, Andy Cecere was the one that made the decision to only open up a bank accounts for people who lived within a 5 to 6 miles radius of the bank and as head of the company knew or should have known that such a policy was being enforced by his employees.

22. Andy Nguyen an Individual, was an agent and/or employee of U.S. Bank National Association aka U.S. Bank and was acting within the scope of his employment.  Upon information and belief, was the one that made the decision to only open up a bank accounts for people who lived within a 5 to 6 miles radius of the bank and as head of new accounts knew or should have known that such a policy did not exist at the time he refused to open up an account for Plaintiff or Plaintiffs.

23.  Kathy Sandoval, an Individual was an agent and/or employee of U.S. Bank National Association aka U.S. Bank and was acting within the scope of her employment.  Upon information and belief, was the one that made the  decision to only open up a bank accounts for people who lived within a 5 to 6 miles radius of the bank and as manager of the local bank  and knew or should have known that such a policy was not in existence and yet she enforced it as if it was a bank policy and supported  her employees who arbitrarily enforced it.

.

4

24. The Plaintiffs were denied the right to open up a bank account. Although White citizens that live outside the 5 to 6 mile radius of the bank are allowed to open up a new bank account. Defendant treated Plaintiff differently on a racial basis and refused to let them contract with the bank, a privilege that white citizens are afforded. The failure to open an account on behalf of Plaintiff was humiliating and disgusting and has caused Plaintiff irreparable harm.

25. Plaintiff, Hudena James pleaded with employee Andy Nguyen and Bank Manager Kathy Sandoval to allow them to open up a bank account for Plaintiff Mercedes Green and later Hudena James, himself, but to no avail,. The pleas for justice actually fell upon deaf ears.

### COUNT I  CONTRACTS
### 42 U.S.C.A. § 1981
### DISCRIMINATION UNDER 42 U.S.C.A. § 1981

26. Plaintiffs repeat and re-allege paragraphs 1 – 25 as though fully set forth herein.

27. On May 1, 2018 and at all times relevant to the events described above, the Defendants were the employees of U.S. Bank National Association aka U.S. Bank and or representatives of U.S. Bank National Association aka U.S. Bank and /or the employees of US Bancorp.

28. The discriminatory practices described above were carried out:
   a. at the direction of and with the consent, encouragement, knowledge, and ratification of the Defendant U.S. Bank National Association aka U.S. Bank and/or Bancorp;
   b. under Defendant U.S. Bank National Association aka U.S. Bank 's and/or Bancorp's authority, control, and supervision; and or
   c. within the scope of employee's employment.

29.  Defendants, U.S. Bank National Association aka U.S. Bank and/or representatives of U.S. Bank National Association aka U.S. Bank and /or the employees of US Bancorp are liable for the unlawful acts of its employees, agents, and/or representatives directly and/or under the doctrine of respondeat superior.

30. Defendant U S Bank engaged in intentional discrimination based on Plaintiff's race, color, religion, ancestry, and/or national origin and caused Plaintiffs to suffer deprivation of their right to make and enforce contracts.

31. Defendants, U.S Bank, engaged in international discrimination against Plaintiffs based on their race, color, or national origin and caused Plaintiffs to be deprived of their rights.

32. On May 1, 2018 Plaintiffs were improperly denied access to open up a bank account at the local US Bank in Alta Loma.

33. At all times relevant, the officers who committed the aforesaid unlawful acts were agents and/or employees of US Bank, acting within their scope and authority, under the color of state law, and were summoned to act under the authority of Defendant US Bank.

34. Plaintiffs repeat and re-allege paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff s were denied the Equal Rights afforded to them pursuant to 42 U.S.C.A. § 1981. Equal rights under the law to open up a bank account at US Bank in Alta Loma, California. Specifically, 9696 Baseline Road LM-CA5008 Alta Loma, California 91701:

The law states in pertinent part :

(a) All _persons_ within the jurisdiction of the United States shall have the same right in every State and Territory to _make and enforce contracts_, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "MAKE AND ENFORCE CONTRACTS" DEFINED

For purposes of this section, the term "_make and enforce contracts_" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) PROTECTION AGAINST IMPAIRMENT

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of _State_ law.

36. The aforementioned acts of the Defendants denied Plaintiffs these rights and deprived them of the ability to contract as other races are allowed to contract when they were both denied the right to open up a bank account on account of their race.

Count Two  DISCRIMINATION UNDER 42 U.S.C.A. § 1983.

37.  Plaintiffs repeat and re-allege paragraphs 1 – 36 as though fully set forth herein.

6

38. **Defendant US BANK, acting under the color of state law, and through its employees, agents, and/or representatives engaged in a course of action and behavior, rising to the level of a policy, custom, and systemic condoned practice, which deprived Plaintiffs of the rights, privileges, and immunities secured by the United States Constitution and by federal statute in violation of 42 U.S.C.A. § 1983.**

39. **Defendant US Bank, through its agents, employees, and/or representatives, was acting under the color of state law when Defendant US Bank, under the direction of US bank, deprived Plaintiffs of their rights, privileges, and immunities secured under the United States Constitution.**

40. **Defendant US Bank's offensive, discriminatory decision to deem Plaintiff's behavior suspicious, requiring their immediate denial of the right to open up a bank account was a denial of the right to contract and was done in an arbitrary and capricious fashion and there was no basis in law for them to deny Plaintiffs the right to open up a bank account at the local US Bank.**

41. **As a result, Defendant U.S Bank caused Plaintiffs to be stripped of their rights to equal protection guaranteed under the Fourteenth Amendment by clearly discriminating against Plaintiffs on the basis of their race religion and/or national origin and caused Plaintiffs to be violated of their right to be free to contract pursuant to the Civil Rights Act of 1866.**

42. **Defendants US Bank is chartered by the State of California and licensed to operate in the State of California and regulated and monitored by the State of California and is a State Agent for purposes of this lawsuit and acted in concert to violate Plaintiffs' rights as guaranteed to them pursuant to and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  As a direct and proximate result of said acts, indifference, custom and policy established by Defendant US Bank, Plaintiffs have suffered and will continue to suffer humiliation, shame, despair, anxiety to flight, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to Plaintiffs' damage in an amount to be proven at time of trial.**

## COUNT III

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43.  Plaintiffs repeat and re-allege paragraphs 1 through 42 as through fully set forth herein.

44.  Defendant US Bank acted intentionally and/or recklessly when it denied Plaintiffs the right to open up a bank account at the local US Bank Office as Whites are allowed to open up an account. Defendant US Bank's conduct was extreme and outrageous.

45.  Plaintiffs did not engage in any behavior or make any comments that could justify Defendant US Bank's decision to not open up a bank account.

46. Plaintiffs did not engage in any behavior or make any comments that could justify Defendant US Bank's decision to deny Plaintiffs any right to contract with the US Bank.

47. Defendant US Bank had no legitimate, nondiscriminatory reason to believe that Plaintiffs posed a security risk to the bank and to deny them the right to open up a bank account.

48. Defendant US Bank discriminated against Plaintiffs, made false accusations against Plaintiffs, and denied the Plaintiffs the right to open up a Bank account was done in an extreme and outrageous manner and had no right in law or fact to deny Plaintiffs the right to pen a bank account.

49. Defendant US Bank's extreme and outrageous conduct caused Plaintiffs severe emotional distress and anxiety.

50. As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiffs suffered and continue to suffer humiliation, anxiety to bank, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to Plaintiffs' damage in an amount to be proven at time of trial.

## COUNT IV

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

51. Plaintiffs repeat and re-allege paragraphs 1 through 50 as though fully set forth herein.

52. On May 1, 2018, Defendant US Bank acted negligently and/or recklessly when it caused Plaintiffs to be denied the right to open up a bank account at their local bank.

53. Defendant US Bank should have known that their discriminatory treatment of Plaintiffs would create a reasonable risk of emotional and physical damages and did in fact cause emotional distress.

54. As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiffs suffered and will continue to suffer humiliation, anxiety to bank, shame, despair, embarrassment, depression, mental pain,

8

anguish, injury to their reputations, and economic losses, all to Plaintiffs'
damage in an amount to be proven at time of trial.

## COUNT V

### FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE AS TO BANK EMPLOYEES

55. Plaintiffs repeat and re-allege paragraphs 1 through 54 as though fully set
forth herein.

56. Defendant US Bank's responsible for the training, instruction, supervision,
and discipline of Defendant US Bank's agents, employees, and/or
representatives who were at all times, relevant acting within the scope of
their employment.

57. Upon information and belief, Defendant US Bank provided grossly
inadequate training, instruction, supervision, and discipline to Defendant's
agents, employees, and/or representatives.

58. Defendant US Bank should have known and trained and instructed its
employees, agents, and/or representatives to be aware that Defendants, U.S.
Bank National Association aka U.S. Bank and/or representatives of U.S.
Bank National Association aka U.S. Bank and/or the employees of US
Bancorp Knew or should have known that there was no 5 to 6 mile radius
bank policy to opening an account and acknowledge they denied Plaintiffs
the right to open up a bank account because of their race, ancestry and
ethnicity. And that we were not a security threat or a form of suspicious
activity.

59. US BANK's inadequate training, supervision, and discipline of its
employees, agents, and/or representatives subjected Plaintiffs to intentional
discrimination on the basis of their race, ethnicity, and/or national origin.

60. Defendant US Bank's employees, agents and/or representatives' acts of
intentional discrimination caused Plaintiffs to be denied the right to open
up a bank account even though Whites are allowed to open up bank
accounts with this local US Bank and yet Plaintiff were denied the right to
these services

61. As a consequence of Defendant US Bank's failure to train, supervise, and
discipline its employees, agents, and/or representatives, Plaintiffs suffered
and will continue to suffer humiliation, anxiety to bank, shame, despair,
embarrassment, depression, mental pain, anguish, injury to their
reputations, and economic losses, all to Plaintiff's damage in an amount to
be proven at time of trial.

## COUNT VI
## UNRUH CIVIL RIGHTS ACT

62.  Plaintiffs repeat and re-allege paragraphs 1 through 61 as though fully set forth herein.

63. By their refusal to provide service to plaintiffs on the basis of plaintiff's race, have the violated plaintiff's, right to be free from discrimination as guaranteed by California Civ. Code 51.0. As a direct and proximate result of conduct of defendants, and each of them, plaintiffs has suffered and will continue to suffer humiliation, mental anguish.

64. Defendants' violation of plaintiff's rights as guaranteed by Civ. Code 51 entitles plaintiffs to receive compensatory damages, attorney's fees, and injunctive relief, all of which are provided for in Civ. Code 52 and are prayed for below.

65. In doing the acts alleged in this complaint, defendants knew or should have known or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believes, and on that basis alleges, that defendants intended to cause injury to and acted with a willful and conscious disregard of plaintiff's rights as secured by Civ. Code_ 51, thereby entitling plaintiffs to recover treble damages, or a minimum of $4,000, pursuant to Civ Code 52 subd. (a).

66.  Defendant is a business establishment within the meaning of the Unruh Civil Rights act, e.g.. At all times herein mentioned, defendant   U.S. Bank National Association aka U.S. Bank was the owner or operator of a business establishment engaged in the business of banking commonly known and designated as  owner of US Bank in Alta Loma, California. Specifically, 9696 Baseline Road LM-CA5008 Alta Loma, California 91701. As the local bank and the parent company   U.S. Bank National Association aka U.S. Bank situated at 80 South 8th street, Suite 224, Minneapolis, Minnesota 55402 County, California.

67.  On May 1, 2018, Plaintiffs entered the US Bank at  US Bank maintains a business presence at  9696 Baseline Road LM-CA5008 Alta Loma, California 91701 the city of Alta Loma, State of California with the intention and purpose of opening up a bank account.  Plaintiff requested defendant, U.S. Bank National Association aka U.S. Bank and several of defendant's employees, to open up a bank account to which they refused in bad faith and without any policy to back up the denial.  Plaintiffs request was refused. During the time plaintiff was on the above-mentioned premises, however, bank accounts are opened for people of other races who come to defendant's establishment before and after Plaintiffs' denial of the right to open a bank account.

68. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, denied to plaintiff the services, advantages accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, in that plaintiff, as a member of African American Ancestry

69. The conduct of Defendants amounted to plaintiffs being treated like slave and the badge of slavery was imposed on them in clear violation of the right and privileges afforded to every citizen under the Thirteenth Amendment and Fourteenth Amendment to the United States Constitution and this action is brought to redress the deprivation of rights, privileges, and immunities secured by the Thirteenth Amendment and Fourteenth to the United States Constitution (US Const. Amend. XIII), as well as pursuant to Title 42, United States Code, Section 1981 and 1983 (42 U.S.C.A. §§ 1981, 1983). This action is brought to secure the rights of plaintiffs to make and enforce contracts and to enjoy the security of persons and property in the same manner as citizens of other races, and to enforce the right of plaintiffs to inherit, sell, hold, and convey real and personal property on the same basis as citizens of other races. Jurisdiction is conferred on this court by Title 28, United States Code, Sections 343(3), 343(4) and 2201 (28 U.S.C.A. §§ 343(3) 343 (4), 2201).

70. This is a suit for damages and for and other affirmative relief against discrimination as a badge and incident of slavery unlawful under the Thirteenth Amendment to the United States Constitution (U.S. Const. Amend. XIII) and Title 42, United States Code, Sections 1981 and 1983 (42 U.S.C.A. §§ 1981, 1983).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**VII. REQUEST FOR RELIEF :**

WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as follows:

1. For general damages in the sum of $ One Million.
2. For statutory damages in the sum of $ 4,000
3. For attorney's fees pursuant to Civil Code Section 52:
4. For exemplary and punitive damages;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court my deem proper.

Respectfully submitted,

07/30/18

By Hudena L. James,

07/30/18

By Mercedes Green

## VERIFICATION

I, Hudena James, am the plaintiff in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and, as to those matters, I believe to be true.

Respectfully submitted,

By Hudena L. James,

*[signature]* 07/30/18

I, Mercedes Green, am the plaintiff in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and, as to those matters, I believe to be true.

07/30/18

Respectfully submitted,

By Mercedes Green

14