UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Strike under Fed. R. Civ. P. 12(b)(6) (DE 18)

## I.   INTRODUCTION

On August 22, 2018, plaintiffs Hudena James ("James") and Mercedes Green ("Green") (collectively, "Plaintiffs") filed a complaint against defendants U.S. Bancorp, U.S. Bank National Association ("U.S. Bank"), Andy Cecere ("Cecere"), Kathy Sandoval ("Sandoval"), Andy Nguyen ("Nguyen"), and Does 1–10 (DE 1).

In the complaint, Plaintiffs allege six claims for relief: (1) Count one – racial discrimination under 42 U.S.C. § 1981; (2) Count two – racial discrimination under 42 U.S.C. § 1983; (3) Count three – intentional infliction of emotional distress; (4) Count four – negligent infliction of emotional distress; (5) Count five – failure to train, supervise, and discipline; and (6) Count six – violation of the Unruh Civil Rights Act.

On November 19, 2018, defendants U.S. Bank, Cecere, Sandoval, and Nguyen (collectively, "Defendants") moved to dismiss the complaint (DE 18).[1] Plaintiffs filed an opposition on December 10, 2018 (DE 23).[2]

---

[1] Defendant U.S. Bancorp did not join in the motion.
[2] The Court notes that Plaintiffs did not adhere to several Local Rules and the Court's Standing Order in their opposition. Plaintiffs are encouraged to familiarize themselves with the following rules: Central District of California's Local Rules 11-3.1, 11-3.2, 11-3.6, 11-3.7, and the Court's Standing Order Regarding Newly Assigned Cases. (ECF No. 6). In the future, the Court will strike documents that exceed the Court's page limits, use single-spaced font, contain pages of quotations from other authorities, or otherwise depart with the Court's formatting rules.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

For the following reasons, the Court **GRANTS** Defendants' motion.

**II.    FACTUAL BACKGROUND**

Plaintiffs allege the following:

James is an African-American male and the father of Green, an African-American female. On May 1, 2018, Green visited the U.S. Bank branch in Alta Loma, California with James to cash a check. The clerk informed her that she could only cash the check if she opened a new bank account. After agreeing to open an account, Green and James were informed that Nguyen, another employee, said they were unable to because Green did not live in the area. She lives in Victorville, which is 44 miles away from Alta Loma. After debating with the clerk "to no avail," James and Green returned to the parking lot. (Pls.' Compl. ¶ 2, ECF No. 1.)

In the parking lot, Green called the U.S. Bank corporate office and opened an account by phone. Meanwhile, James called the corporate office as well and voiced his displeasure at his daughter's inability to open an account in person. The individual from the corporate office informed James that his daughter should have been able to open an account, despite not living near the bank. The corporate officer promised to email the U.S. Bank's local manager.

James then returned to the bank and asked to see the manager, Sandoval. Sandoval assured James that it was bank policy that customers had to live within five-to-six miles of the bank in Alta Loma to open an account. James asked if he could open an account, despite living 29 miles away. Sandoval confirmed that the bank's policy would preclude him from opening an account at the Alta Loma branch as well. James informed her that the policy was "racist" and left. (*Id.* ¶ 9.)

Later that month, James sent a letter to the bank requesting the preservation of evidence relating to the May 1, 2018 incident. On May 31, 2018, James received a phone call from the U.S. Bank district manager apologizing for the employees' mistake: no policy required customers to live within six miles of the bank to open an account. The six-mile radius requirement was "a marketing strategy and not a bank policy." (*Id.* ¶ 11.) The district manager added that "he himself had several bank accounts where he did not live." (*Id.*)

Plaintiffs now allege that Defendants discriminated against them because of their race.

**III.   JUDICIAL STANDARD**

The court may dismiss a case under Federal Rule of Civil Procedure ("Rule") 12(b)(6) when the plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Id.* While a plaintiff does not need to provide detailed factual allegations, he must plead more than mere legal conclusions. *Twombly*, 550 U.S. at 555.

When ruling on a Rule 12(b)(6) motion, the court generally must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the court need not accept as true "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

**IV.   DISCUSSION**

Defendants move to dismiss Plaintiffs' six claims for relief under Rule 12(b)(6) for failure to state a claim. The Court addresses each claim in turn.

**A.   Claim One**

Plaintiffs allege discrimination under 42 U.S.C. § 1981 ("§ 1981"). Specifically, Plaintiffs allege that U.S. Bank, its representatives and employees, and the employees of U.S. Bancorp engaged in intentional discrimination against Plaintiffs based on their race, color, or national origin when they denied Plaintiffs' initial request to open a bank account at the Alta Loma branch. The employees who committed the allegedly discriminatory acts were agents of U.S. Bank, acting within the scope of their employment, so U.S. Bank is vicariously liable as well. Plaintiffs allege that they were denied the right to make and enforce contracts "as other races are allowed to contract." (Pls.' Compl. ¶ 36.)

Section 1981 prohibits intentional racial discrimination by public and private actors. *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 470 F.3d 827, 839 (9th Cir. 2006) (en banc). Specifically, "[s]ection 1981 offers relief when racial discrimination blocks the creation of a contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). The statute provides that all persons "shall have the same right in every State and Territory to make and enforce contracts" as is "enjoyed by white citizens . . ." 42 U.S.C. § 1981(a).

Proof of intent to discriminate is necessary to establish liability under § 1981. *Gen. Bldg. Contractors*, 458 U.S. at 390–91. As a result, a plaintiff must allege facts that "would support an inference that defendants intentionally and purposefully discriminated against them." *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992). "Intent may be proved by circumstantial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

evidence, such as a pattern of conduct unexplainable on grounds other than race." *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1438 (9th Cir. 1984) (citing *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 (1977)). A plaintiff can also prevail if he shows that discriminatory intent was a factor in, but not necessarily the but-for cause of, a defendants' refusal to contract. *Nat'l Ass'n of African American-Owned Media v. Charter Communications, Inc.*, 908 F.3d 1190, 1199 (9th Cir. 2018).

To state a *prima facie* case of discrimination under § 1981 in a commercial, non-employment context, a plaintiff must show that "(1) it is a member of a protected class, (2) it attempted to contract for certain services, and (3) it was denied the right to contract for those services." *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006). A plaintiff may also be required to show that: (4) services remained available to similarly-situated individuals who were not members of his protected class. *Ford v. Surprise Family Urgent Care Ctr., LLC*, 550 Fed. Appx. 467, 467 (9th Cir. 2013) (citing *Lindsey*, 447 F.3d at 1145); *see also Wolfstein v. Morgan, Lewis & Bockius LLP*, No. 15-cv-7150-PA (AFMx), 2015 WL 6394472, at *7 (C.D. Cal. Oct. 21, 2015).

Here, Defendants argue that Plaintiffs fail to allege facts showing that Defendants' initial decision not to open Green's bank account was intentional discrimination rather than a mistaken application of an internal marketing policy. To be sure, Plaintiffs allege that they are members of a protected class and that they attempted to open accounts at U.S. Bank. They also allege that they were denied the right to open those accounts, at least initially. Finally, Plaintiffs allege that they were not allowed to enter contracts as "other races" could: "White citizens that live outside the 5 to 6 mile radius of the bank are allowed to open up a new bank account." (Pls.' Compl. ¶ 24; *see also* ¶ 36.)

But a pleading that merely offers "naked assertion[s] devoid of further factual enhancement" does not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 554, 557 (2007)). Plaintiffs' threadbare allegations do not plausibly suggest that they were intentionally discriminated against by Defendants because of their race, or that white customers were in fact permitted to open bank accounts at the Alta Loma branch despite living more than six miles away. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Here, while it is "possible" that the employees denied Green's initial request to open a bank account because of her race, it is not "plausible" given the facts alleged here. *See Iqbal*, 556 U.S. at 680.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

Plaintiffs suggest in their opposition that because a corporate U.S. Bank employee over the phone allowed Green to open an account after the employees in person did not, this indicates that the initial decision was race-based; but Plaintiffs do not make this allegation in the complaint. Moreover, it is more plausible that the corporate employee allowed Green to open an account because he or she was following the correct U.S. Bank policy—with no six-mile-radius requirement—while the employees inside the Alta Loma branch were following the wrong policy. Moreover, the bare allegation that white individuals were permitted to open bank accounts, without more, is not enough.

To conclude that the employees acted with discriminatory intent, the Court would be required to infer more than the mere possibility of misconduct. It cannot do so here. Accordingly, the Court grants Defendants' motion to dismiss claim one of Plaintiffs' complaint.

**B.      Claim Two**

Plaintiffs' second claim is for racial discrimination under 42 U.S.C. § 1983 ("§ 1983"). Plaintiffs allege that U.S. Bank, "acting under the color of state law" and through its employees, deprived Plaintiffs of their constitutional rights. (Pls.' Compl. ¶ 38.) U.S. Bank's "offensive, discriminatory decision to deem Plaintiff[s'] behavior suspicious, requiring their immediate denial of the right to open up a bank account" denied Plaintiffs their right to contract "in an arbitrary and capricious fashion." (*Id.* ¶ 40.) As a result, Plaintiffs allege that their equal protection rights were violated and that they suffered emotional and economic injury.

To prevail on a claim of discrimination under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To be "acting under color of state law," the defendant must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). If a defendant's conduct satisfies the Fourteenth Amendment's state action requirement, that defendant also acts under color of state law under § 1983. *Id.* "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the state" and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (internal citations omitted). A § 1983 claim does not apply to private actors unless the private party is "a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal citations omitted).

Here, Plaintiffs allege that U.S. Bank is a state actor because it is chartered and licensed by the State of California, regulated and monitored by the state, and "is a State Agent for purposes of this lawsuit." (Pls.' Compl. ¶ 42.) But "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

*Metro Edison Co.*, 419 U.S. 345, 350 (1974). And "[a] privately owned bank is not clothed with the authority of state law." *Bowen v. Arias*, No. 09-cv-0975-R (MLG), 2009 WL 482892, at *2 (C.D. Cal. Feb. 23, 2009). Even when a private bank avails itself of state law to commit the complained-of actions, such as in foreclosure proceedings, it does not rise to the level of state action. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094–95 (9th Cir. 2002).

The Court finds that Plaintiffs have failed to show that U.S. Bank and its employees were acting under color of state law. Accordingly, Plaintiffs' second claim is dismissed with prejudice.[3]

**C.     Claim Three**

Plaintiffs also allege intentional infliction of emotional distress: "Defendant US Bank acted intentionally and/or recklessly when it denied Plaintiffs the right to open up a bank account at the local US Bank Office as Whites are allowed to open up an account." (Pls.' Compl. ¶ 44.) This conduct was "extreme and outrageous." (*Id.*) Specifically, Defendants allegedly discriminated against Plaintiffs, made false accusations against Plaintiffs, and caused Plaintiffs severe emotional distress and anxiety.

A claim for intentional infliction of emotional distress ("IIED") requires a plaintiff to show: (1) extreme and outrageous conduct; (2) that defendant intended to cause or recklessly disregarded the possibility of causing harm; (3) the plaintiff suffered severe or extreme emotional distress; and (4) defendant's conduct actually and proximately caused the plaintiff's emotional distress. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991); *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989). To be extreme and outrageous, conduct must be so "extreme as to exceed all bounds of that usually tolerated in a civilized society." *Trerice*, 209 Cal. App. 3d at 883. "[O]rdinary rude or insulting behavior is not enough to justify an award for damages." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1084 (C.D. Cal. 1999)). Moreover, the defendant "must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result.'" *Christensen*, 54 Cal. 3d at 903 (citing *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)).

Defendants contend that Plaintiffs lack evidence that Defendants intentionally discriminated or that the conduct was extreme or outrageous. But at the motion to dismiss stage, Plaintiffs only need to allege facts giving rise to a plausible inference that Defendants intentionally inflicted emotional distress. Plaintiffs allege that Defendants acted intentionally when they denied Plaintiffs' initial requests to open

---

[3] If, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato v. United States*, 70 F.3d 1103, 1105–06 (9th Cir. 1995); *see, e.g., Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

a bank account. Whether or not that intentional act was motivated by racial animus is not dispositive here. Moreover, Plaintiffs allege that Defendants' intentional acts—denying their request for a bank account—caused them severe emotional distress.

But the facts alleged do not rise to the requisite level of "extreme and outrageous" for an IIED claim. Discriminatory conduct alone is not per se extreme and outrageous. *Hoyt v. Career Systems Development Corp.*, No. 07-cv-1733-BEN (RBB), 2009 WL 10672046, at *7 (S.D. Cal. July 6, 2009). It is "the extreme and outrageous *nature* of [discriminatory] conduct that supports the intentional infliction of emotional distress cause of action." *Id.* (emphasis in original). Even accepting Plaintiffs' allegations as true, a single instance of refused service does not "exceed all bounds of that usually tolerated in a civilized society." *Trerice*, 209 Cal. App. 3d at 883; *see, e.g. Bonner v. S-Fer International, Inc.*, 207 F. Supp. 3d 19, 25 (D.D.C. 2016) (finding that employee denying African-American customer service on the basis of race did not rise to the level of "extreme and outrageous" conduct required to support an IIED claim); *Bongam v. Action Toyota, Inc.*, 14 Fed. Appx. 275, 283 (4th Cir. 2001) (holding that a car dealer's use of a "unambiguously racial epithet" toward a potential customer while refusing him service was not sufficiently extreme and outrageous to constitute IIED).

Because the facts alleged are not sufficiently extreme and outrageous, Plaintiff has not adequately plead facts giving rise to a claim for IIED. Accordingly, the Court grants Defendants' motion to dismiss claim three.

### D.   Claim Four

Plaintiffs' fourth claim is for negligent infliction of emotional distress ("NIED"). Just as in claim three, above, Plaintiffs allege that U.S. Bank "acted negligently and/or recklessly" when its employees discriminated against Plaintiffs by denying them the right to open a bank account: "Defendant US Bank should have known that their discriminatory treatment of Plaintiffs would create a reasonable risk of emotional and physical damages and did in fact cause emotional distress." (*Id.* ¶¶ 52–53.)

There are two theories of NIED in California: "bystander" and "direct victim" cases. *Flores v. EMC Morg. Co.*, 997 F. Supp. 2d 1088, 1125 (E.D. Cal. Feb. 18, 2014) (citing *Wooden v. Raveling*, 61 Cal. App. 4th 1035, 1037 (1998)). "Bystander cases are cases in which the plaintiff was not physically impacted or injured, but instead witnesses someone else being injured due to defendant's negligence." *Wooden*, 61 Cal. App. 4th at 1037. Damages in bystander cases are limited to those where the plaintiff "(1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is aware that it is causing injury to the victim and (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." *Id.* at 1037–38 (internal citations omitted). "Direct victim" cases occur when the plaintiff's claim of emotional distress is premised on negligence and "based upon the violation of a duty owed directly to the plaintiff." *Id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

1038. In bystander cases, the plaintiff must have witnessed someone else being physically injured due to the defendant's negligence; in direct victim cases, however, no physical injury needs to have occurred. *Wooden*, 61 Cal. App. 4th at 1038, 1043.

Here, since Plaintiffs do not allege any physical injury, the Court presumes that they allege a direct victim theory of NIED.[4] Defendants contend that the NIED claim fails because the allegations are based on intentional conduct, not negligent conduct. But Plaintiff does allege that U.S. Bank "acted negligently" by causing Plaintiffs "to be denied the right to open up a bank account at their local bank." (Pls.' Compl. ¶ 52.)

That said, Plaintiffs allege no facts plausibly stating a claim for negligence beyond the bare legal conclusion that Defendants "acted negligently." *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiffs' fourth claim for NIED is dismissed.

### E.  Claim Five

Plaintiffs next allege that U.S. Bank and U.S. Bancorp are liable for failure to train, supervise, and discipline their employees. Specifically, Plaintiffs assert that U.S. Bank and U.S. Bancorp should have trained and instructed its employees that there was no six-mile radius policy. Moreover, because of Defendants' inadequate training and supervision, the U.S. Bank employees intentionally denied Plaintiffs the right to open an account "even though Whites are allowed to open up bank accounts with this local US Bank." (*Id.* ¶ 60.)

"California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (Cal. Ct. App. 1996). Liability is imposed when "the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Id.* "Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Technologies, Inc.*, 145 Cal. App. 4th 790, 815 (Cal. Ct. App. 2006).

Defendants contend that this claim is barred as a matter of law because an employer is held vicariously liable for the acts of its employees, and an employer's liability cannot exceed that of the

---

[4] In the opposition, however, Plaintiffs explain that James was a "bystander" to Green's mistreatment and suffered emotional distress when he witnessed the discrimination. (Pls.' Opp'n, 23–24, ECF No. 23.) It appears, then, that Plaintiffs are presenting a bystander theory rather than a direct victim theory. In any event, the bystander theory would fail as a matter of law, because Plaintiffs do not allege any physical injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

employee who caused the harm. But because negligence for failure to train or supervise is premised on direct liability, this argument fails.

Defendants are correct, however, that there are no facts in the complaint alleging that the employees were unfit or that the employer knew or should have known that the employees would turn away customers based on either racial discrimination or an overbroad application of a marketing policy. Instead, Plaintiffs allege that U.S. Bank and its employees should have known that there was no six-mile radius policy, and that U.S. Bank's inadequate training, supervision, and discipline caused Plaintiffs to fall victim to discrimination. These allegations are insufficient to establish U.S. Bank's liability for negligent training, supervision, or discipline of its employees.

As a result, claim five is dismissed.

**F.    Claim Six**

Finally, Plaintiffs allege that Defendants violated the Unruh Civil Rights Act under California Civil Code § 51 by refusing to serve Plaintiffs because of their race. Moreover, Plaintiffs allege that "[d]uring the time plaintiff was on the [] premises, however, bank accounts are opened for people of other races who come to defendant's establishment before and after Plaintiffs' denial of the right to open a bank account." (Pls.' Compl. ¶ 67.)

California's Unruh Civil Rights Act ("Unruh Act") entitled individuals to full and equal access to public accommodations and prohibits "unreasonable, arbitrary, or invidious discrimination." *Dallas and Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1062 (C.D. Cal. 2015) (citing *Sunrise Country Club Ass'n v. Proud*, 190 Cal. App. 3d 377, 380 (1987)). "Unreasonable, arbitrary, or invidious discrimination is present where the defendant's policy or action 'emphasizes irrelevant differences' or 'perpetuates [irrational] stereotypes.'" *Id.* (citing *Kiore v. Metro Car Wash*, 40 Cal. 3d 24, 33 (1985)). Proof of intentional discrimination is necessary to establish an Unruh Act violation. *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009).

Defendants move to dismiss this claim for failure to state a claim for intentional discrimination. Plaintiffs' allegations mirror those in claim one, which the Court dismissed above. But Plaintiffs add one more factual allegation here: that while they were on the bank premises, bank accounts were opened for people of other races. But taking this fact as true, it still stops short of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556 U.S. at 678. Because simply allowing customers of other races to open accounts, without more, does not plausibly suggest that the employees discriminated against Plaintiffs. For instance, it would be more indicative of discrimination if those customers were permitted to open accounts despite living outside a six-mile radius of the bank. As it stands, Plaintiffs have not alleged sufficient facts to plausibly suggest entitlement to relief under the Unruh Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 11, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

Accordingly, Plaintiffs' sixth claim is dismissed.

### G.  Leave to Amend

Defendants request that the Court dismiss each of Plaintiffs' claims without leave to amend. Leave to amend should be freely granted if it appears possible that the defects in the complaint could be corrected, especially with pro se plaintiffs. *Cato*, 70 F.3d at 1106 (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). Here, because Plaintiffs are pro se and it is not clear that the complaint's deficiencies could not be cured by amendment, the Court grants Plaintiffs leave to amend all claims except claim two, which cannot be cured because the U.S. Bank and its employees were not acting under color of state law.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion and dismisses claims one, three, four, fix, and six against U.S. Bank, Cecere, Sandoval, and Nguyen **without prejudice** and dismisses claim two **with prejudice**.

Although U.S. Bancorp does not join the instant motion to dismiss, the Court may *sua sponte* dismiss the claims against U.S. Bancorp because Plaintiffs have failed to state a claim for which relief can be granted against this Defendant. Plaintiffs are hereby **ordered to show cause** by January 18, 2019 at 5:00 p.m. why U.S. Bancorp should not be dismissed. Absent a satisfactory response, the Court will dismiss Plaintiffs' claims against U.S. Bancorp as well.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____