# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-01762-RGK-SP | | Date | January 25, 2019 |
|---|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**  **(IN CHAMBERS) Order Dismissing Defendant *Sua Sponte* for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)**

On January 11, 2019, the Court issued an order for Plaintiffs to show cause by January 18, 2019 at 5:00 p.m. why U.S. Bancorp should not be dismissed for failure to state a claim for which relief may be granted. (*See* Order re: Defendants' Motion to Strike under Federal Rule of Civil Procedure 12(b)(6), ECF No. 26.) Plaintiffs did not respond.

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (internal citations omitted).

Here, Plaintiffs have failed to state a claim for which relief can be granted against U.S. Bancorp. While Plaintiffs name U.S. Bancorp as a defendant in this action, they do not allege claims against U.S. Bancorp specifically. In claim one, Plaintiffs allege that Defendants were employees of U.S. Bancorp, that the discriminatory practices were carried out under U.S. Bank's "and/or Bancorp's authority, control, or supervision," and that "the employees of U.S. Bancorp are liable. . . under the doctrine of respondeat superior." (Pls.' Compl. ¶ 27–28, ECF No. 1.) Then in claim six, Plaintiffs allege that U.S. Bancorp's employees knew or should have known that there was no six-mile-radius policy. (*Id.* ¶ 58.) But it is otherwise unclear which claims are being asserted against U.S. Bancorp itself, either directly or through a theory of vicarious liability. Nowhere do Plaintiffs allege any facts plausibly suggesting that U.S. Bancorp is liable for the acts of U.S. Bank or its employees.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-01762-RGK-SP | Date | January 25, 2019 |
|----------|----------------------|------|------------------|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

 

Accordingly, claims one, three, four, five, and six against U.S. Bancorp are dismissed *sua sponte* **without prejudice** and claim two is dismissed **with prejudice**.[1] If Plaintiffs wish to amend their Complaint in accordance with this Order and the Court's January 11, 2019 Order (ECF No. 27), they must do so by **Monday, February 11th**.

**IT IS SO ORDERED.**

Initials of Preparer       _____ : _____

                       _____

---

[1] As noted in the Court's January 11, 2019 Order, leave to amend should be freely granted if it appears possible that the defects in the complaint could be corrected, especially with pro se plaintiffs. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). Here, because Plaintiffs are pro se and it is not clear that the complaint's deficiencies could not be cured by amendment, the Court grants Plaintiffs leave to amend all claims except claim two, which cannot be cured because the U.S. Bank and its employees were not acting under color of state law.