Hudena James
Mercedes Green
23729 Bouquet Canyon Place
Moreno Valley, Calif. 92557
(909) 732-2450



FILED

# UNITED STATES FEDERAL DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



| | |
|---|---|
| HUDENA JAMES, an Individual<br>MERCEDES GREEN, an Individual<br><br>vs.<br><br>US BANK NATIONAL<br>ASSOCIATION<br>aka US BANK,<br>KATHY SANDOVAL, an<br>Individual;<br>ANDY NGUYEN, an Individual;<br>Does 1- 10. | CASE NO.:5:18-cv-01762-RGK-SP X<br><br>FIRST AMENDED COMPLAINT FOR<br>CIVIL RIGHT VIOLATIONS;<br>CONTRACT DISCRIMINATION UNDER<br>42 U.S.C.A. § 1981; INTENTIONAL<br>INFLICTION OF EMOTIONAL<br>DISTRESS; NEGLIGENT INFLICTION<br>OF EMOTIONAL DISTRESS, FAILURE<br>TO SUPERVISE AND DISCIPLINE BANK<br>EMPLOYEES; UNRUH CIVIL RIGHTS<br>ACT. |

Plaintiffs Hudena James and Mercedes Green alleges:

### PRELIMINARY STATEMENT

1. On or about May 1, 2018, Defendants unlawfully discriminated against both Plaintiffs: Hudena James, African American, father, and Mercedes Green, African –American, daughter, by refusing to allow Plaintiffs to contract by opening up a bank account for either party. The particulars are as follows: Plaintiff Mercedes Green, accompanied by her father, asked the initial US Bank clerk, a White female, at the US Bank in Alta Loma, to cash a personal injury settlement check from her attorney in the amount of $50,000 and was told by the aforementioned US Bank clerk that she could only cash the check if she opened up a NEW account at the aforementioned U.S. Bank. (Her attorney has a trust account at the US Bank in Alta Loma)

2. Both Plaintiffs: Hudena James and Mercedes Green took a seat to wait and waited for another employee, Andy Nguyen, to open up the new account. While they were both seated, the original US Bank clerk, an unnamed Defendant, white female, who told us to have a seat, informed us that her co-worker, Defendant, Andy Nguyen, said he couldn't open up an account because Mercedes Green didn't live in the area. The Defendant, Andy Nguyen, said Mercedes Green lived in Victorville and the US Bank was in Alta Loma. Victorville is approximately 44 miles from Alta Loma. Plaintiff, Hudena James, debated the matter with Andy Nguyen to no avail and then we both left the bank in disgust after debating the decision to let my daughter, Mercedes Green, open up an account became obviously futile.

3. In the interim, my daughter Mercedes Green sat in the US Bank parking lot in Alta Loma and called the US Bank Corporate Office and asked to open an account by phone. The Corporate Office subsequently did, what the local physical office in Alta Loma failed to do and opened an account over the phone with no problem for Mercedes Green.

4. While my daughter, Mercedes Green, was consulting with the Corporate Office of US Bank by phone, I also called the Corporate Office of US Bank at the same time to voice my displeasure about my daughter not being able to open an account in person and I explained to the corporate office that they would not open an account for my 35-year old daughter because she didn't live in the area.

5. The representative, an unnamed Defendant, from the Corporate Office said she would send an email to the bank Manager at the local US Bank Branch in Alta Loma and correct the matter because my daughter, Mercedes Green, should have been able to open an account in person at the local US Bank in Alta Loma, California.

6. Meanwhile, I, Hudena James, went back to the physical US Bank in Alta Loma and asked to see the bank manager. The bank manager was Kathy Sandoval and she corroborated Defendant's Andy Nguyen's decision to not open up an account for Plaintiff, Mercedes Green, and assured me that it was indeed the US "Bank policy" that my daughter had to live within a 5 to 6 mile radius of the actual US Bank in Alta Loma in order to open a bank account which would then allow her to cash her $50,000 personal injury check.

2

7. I, Hudena James, said to her, Kathy Sandoval, that you mean even I couldn't open up an account because I live in Riverside. She told me even I had to live or work within a 5 to 6-mile radius of the bank in order to open an account at the local office of US Bank in Alta Loma (Alta Loma is a mere 29 miles from Riverside).

8. I said, in frustration, you mean every account holder in this bank at Alta Loma lives within a 5 to 6 radius of the bank. She said she had been there less than a year and she couldn't actually answer that question but she assured me that it was the current "bank policy now" , no one could open up an account that lived outside a 5 to 6 mile radius of the bank and she also said that I, Hudena James, had to work or live in the area in order to open a bank account.

9. I, Hudena James, in disbelief, said again, in frustration, that everyone that has an account within this bank at Alta Loma, lives within a 5- or 6-miles radius of the bank. She said again that she was newly hired, and she didn't know if everyone in the bank with an account lived within a 5 to 6 miles radius but that it was the "bank policy now". I said this is racist and she replied I hate that you feel that way, but it is the US Bank Policy. I left in frustration.

10. The Defendants, Kathy Sandoval and Andy Nguyen knew or should have known that at the time they refused to open up a bank account for Mercedes Green and/or Hudena James because they both live outside a 5 to 6 mile radius of the US Bank in Alta Loma that White citizens that lived outside the 5 to 6 mile radius of the Alta Loma Bank were indeed allowed to open up bank accounts at US Bank in Alta Loma, the Defendants then used the bank policy of exclusion merely as a pretext to deny the Plaintiffs the right to open up a bank account based on their race and ancestry.

11. The bank employees at the Corporate office that didn't see our face or race had no problem opening a bank account for Mercedes Green, only the bank employees that saw our race and face at Alta Loma refused to open up a bank account for both Plaintiffs, the bank employees then used a nonexistent "Bank policy" to exclude the Plaintiffs from opening up a bank account at the Alta Loma bank. Whereas White citizens that live outside a 5 to 6-mile radius of the U.S Bank in Alta Loma are indeed allowed to contract and open up bank accounts.

12. On or about May 10, 2018, I sent a letter to all the interested parties in the case and requested that they preserve all evidence in the case and not delete or destroy any evidence regarding the incident of May 1, 2018 at the local US Bank in Alta Loma.

13. On or about May 31, 2018, I received a phone call from the District Manager of US Bank, an unnamed Defendant, in which he admitted the employees for that US Bank in Alta Loma had indeed made a terrible mistake and that there was no such "bank policy" requiring you to live within a 5 to 6 mile radius of the bank to open an account and that the 5 to 6 mile radius was simply a "marketing strategy" and not a "bank policy". He said we should have been able to open up a bank account at the Alta Loma US Bank and that he himself had several bank accounts where he did not live. He said the employees were sorry for the treatment that they gave us and apologized for their particular behavior.

14. We obviously had the right to open up a bank account at that particular bank and yet they refused both of us that opportunity based on the basis of our perceived race, gender, color, ethnicity, ancestry, and or national origin. The employees for U S Bank that didn't see our race or face had no problem opening up a bank account for Mercedes Green. It was only the people at the physical bank in Alta Loma that saw our race and face that simply refused to open up a bank account for Plaintiffs, Mercedes Green or Hudena James, based on a nonexistent "bank policy". White citizens that bank with the U.S Bank at Alta Loma and live outside the 5 to 6-mile radius of the bank are not treated in the same manner

15. The initial bank Clerk, an unnamed defendant, a white female, at the US Bank in Alta Loma clearly stated we could cash the check for $50,000 by merely opening an account at the Alta Loma US bank, she didn't tell us initially that we had to live within a 5 to 6-mile radius of the US Bank in Alta Loma in order to cash a check. She saw Mercedes Driver's license and knew that she lived 44 miles away from Alta Loma and yet still told us to have a seat to open up an account. It was indeed the managerial staff of Kathy Sandoval and Andy Nguyen that refused to treat us like other customers that are White citizens and live outside the 5 to 6-mile radius of the bank. White citizens who live outside the 5 to 6-mile radius of the US Bank in Alta Loma are indeed allowed to come into the bank and cash checks and open up bank accounts. Yet this routine practice was denied to both Plaintiffs Mercedes Green and Hudena James.

16. Defendants are saying there was a nondiscriminatory reason for the treatment of Plaintiffs and that it was based on a marketing strategy. However, Plaintiffs contend this marketing strategy is merely a pretext for their dissimilar treatment of Plaintiffs and they are now using marketing strategy because saying it was a 'Bank Policy' was never true, as evidenced by the District Manager's statement

17. In fact, the pretext explanation of "marketing strategy" by the Defendant is simply marked by inconsistencies and contradictions as evidenced by the following series of events: The initial aforementioned White bank clerk,

unnamed Defendant, that told us to have a seat and they would open an account, she obviously saw Plaintiff Mercedes Green Driver's license and knew she lived out of town and yet she still told us to have a seat to open up a new account, immediately followed by rejection from the new accounts person-Andy Nguyen who claimed Mercedes Green had to live in the area to open up an account, followed by acceptance in opening a bank account by the Corporate Office, by people who neither saw our race or face, followed by rejection of both of us opening an account by the bank manager, Kathy Sandoval, and then finally the District manager calling Plaintiff Hudena James to tell him that there was no such "bank policy" requiring people to live within a 5 to 6 mile radius of the bank to open an account. These facts alone evidence a plethora of inconsistencies and contradictions that actually emasculate the pretext of a "marketing strategy". White citizens that seek to contract with the US Bank in Alta Loma and that live outside a 5 to 6-mile radius of the US Bank are not subjected to these same types of inconsistencies and contradictions and are not required to jump through hoops merely to open up a routine bank account but are instead allowed to simply open a bank account

18. Surely, the unnamed Defendant, white female bank clerk, that told us to have a seat knew that accounts were being opened for people who lived outside the 5 to 6-mile radius of the bank because she saw Plaintiff, Mercedes Green's driver's license, and subsequently told her to have a seat for new accounts. She would have never told her to have a seat if she knew account couldn't be opened for people outside the 5 to 6-mile radius of the bank. The Defendants, Andy Nquyen and Kathy Sandoval had no legitimate nondiscriminatory reason to justify their treatment of not opening up a bank account for Plaintiffs and allowing Plaintiffs to contract with the Bank and are now using a marketing strategy merely as pretext to justify their denial of Plaintiffs' right to open up bank accounts when the so called "marketing strategy" was initially framed as a "Bank Policy" to both Plaintiffs.

19. This civil rights lawsuit is brought to ensure that the promise of equal treatment embodied in federal and state anti-discrimination laws does not become a meaningless guarantee for persons perceived to be of African American Ancestry. Since the election of President Donald Trump our nation has actually witnessed an alarming rise in incidents of racial discrimination against persons perceived to be of African American Ancestry and the pretexts used by the Defendants to justify their discrimination makes a mockery of the law.

### JURISDICTION AND VENUE

20. This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 and 1343. This Court has pendant and supplemental jurisdiction over the

5

state law claims alleged in this Complaint pursuant to 28 U.S.C.A. § 1367. Declaratory and injunctive relief is authorized by 28 U.S.C.A. §§ 1343(a) (4), 2201, and 2202. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

21. The events giving rise to the claims alleged in this Complaint arose at the US Bank in Alta Loma, California. Specifically, 9696 Baseline Road LM-CA5008 Alta Loma, California 91701. Defendant US Bank maintains a business presence at the city of Alta Loma, State of California. Venue lies in this Court pursuant to 28 U.S.C.A. § 1391 (b) (2).

## PARTIES

22. Plaintiff, Hudena James, age 64, is an African- American male resident of the County of Riverside and State of California and a member of a protected class.

23. Plaintiff Mercedes Green, age 36, is an African- American female is a resident of the County of San Bernardino and State of California and a member of a protected class. (They are father and daughter.)

24. U.S. Bank National Association aka U.S. Bank, Defendant is incorporated in Minnesota with headquarters at 80 South 8th Street, Suite 224, Minneapolis 55402. US Bank National Association aka US Bank and maintains a presence at 9696 Baseline Road, LM-CA5006, Alta Loma, California 91701.

25. Andy Cecere, an Individual was an agent/or employee of U.S. Bank National Association aka U.S. Bank and was acting within the scope of [his employment. Upon information and belief, Andy Cecere was the one that made the decision to only open up a bank accounts for people who lived within a 5 to 6 miles radius of the bank and as head of the company, knew or should have known that such a policy was being enforced by his employees at the U.S Bank in Alta Loma. Andy Cecere is the principal and CEO and Andy Nguyen and Kathy Sandoval are merely his agents and work in employ at his direction

26. Andy Nguyen an Individual was an agent and/or employee of U.S. Bank National Association aka U.S. Bank and was acting within the scope of his employment. Upon information and belief, was the one that made the decision to only open up a bank accounts for people who lived within a 5 to 6 miles radius of the bank and as head of new accounts knew or should have known that such a policy did not exist at the time, he refused to open up an account for Plaintiffs Hudena James and Mercedes Green. Andy Nguyen

6

knew or should have known that he has actually opened up bank accounts for White citizens that live outside of the 5 to 6-mile radius of the bank

27. Kathy Sandoval, an Individual was an agent and/or employee of U.S. Bank National Association aka U.S. Bank and was acting within the scope of her employment. Upon information and belief, was the one that made the decision to only open up a bank accounts for people who lived within a 5 to 6 miles radius of the bank and as manager of the local bank knew or should have known that such a policy was not in existence and yet she enforced it as if it was a bank policy and supported her employees who arbitrarily enforced it and refused to listen to the white female, unnamed defendant, that told us to have a seat so that Plaintiff Mercedes Green could open up a bank account in order to cash a check for $50,000 as the unnamed Defendant from the Corporate Office emailed her and told her that she should open an account.

28. The Plaintiffs were denied the right to open up a bank account at Alta Loma bank. Although White citizens that live outside the 5 to 6-mile radius of the bank are indeed allowed to come to the Alta Loma bank and open up a new bank account. Defendant treated Plaintiff differently on a racial basis and refused to let them contract with the bank because they lived outside a 5to 6-mile radius of the US Bank in Alta Loma, a privilege that white citizens at US Bank enjoy unhindered , without regard to race. The failure to open an account on behalf of Plaintiffs was actually humiliating and disgusting and has caused Plaintiffs irreparable harm and emotional distress.

29. Plaintiff, Hudena James pleaded with employee Andy Nguyen and Bank Manager Kathy Sandoval to allow them, to open up a bank account for Plaintiff Mercedes Green and later Hudena James, himself, but to no avail, the pleas for justice actually fell upon deaf ears.

COUNT I CONTRACTS
42 U.S.C.A. § 1981
**DISCRIMINATION UNDER 42 U.S.C.A § 1981**

30. Plaintiffs repeat and re-allege paragraphs 1-29 as though fully set forth herein.

31. On May 1, 2018 and at all times relevant to the events described above, the Defendants were the employees of U.S. Bank National Association aka U.S. Bank and or representatives if U.S. Bank National Association aka U.S. Bank and/or the employees of US Bank.

32. The discriminatory practices describe above were carried out:

    a. At the direction of and with the consent, encouragement, knowledge, and ratification of the Defendant U.S. Bank National Association aka U.S. Bank
    b. Under Defendant U.S. Bank National Association aka U.S. Bank's authority, control, and supervision; and/or
    c. Within the scope of employee's employment.

33. Defendants, U.S. Bank National Association aka U.S. Bank and/or representatives of U.S. Bank National Association aka U.S. Bank and/or employees of U.S. Bank National Association aka U.S Bank are liable for the unlawful acts of its employees, agents, and/or representatives directly and/or under the doctrine of respondent superior.

34. Defendant US Bank engaged in intentional discrimination by treating Plaintiffs that lived outside the 5 to 6 mile radius of the US bank differently than White citizens who live outside a 5 to 6 mile radius of the bank in the opening of a bank account based on Plaintiffs' race, color, religion, ancestry, and/or national origin and caused Plaintiffs to suffer deprivation of their right to make and enforce contracts.

35. Defendants, U.S. Bank, engaged in intentional discrimination against Plaintiffs based on their race, color, or national origin and caused Plaintiffs to be deprived of their rights to contract as White citizens who live outside a 5 to 6-mile radius of the bank are allowed to contract at the US Bank in Alta Loma.

36. On May 1, 2018 Plaintiffs were improperly denied access to open up a bank account at the local US Bank in Alta Loma.

37. At all times relevant, the officers who committed the aforesaid unlawful acts were agents and/or employees of US Bank, acting within their scope and authority, and were summoned to act under the authority of Defendant US Bank.

38. Plaintiffs were denied the Equal Rights afforded to them pursuant to 42 U.S.C.A. § 1981. Equal rights under the law to open up a bank account at US Bank in Alta Loma, California. Specifically, 9696 Baseline Road LM-CA5008 Alta Loma, California 91701:

The law states in pertinent part:
(a) All <u>persons</u> within the jurisdiction of the United States shall have the same right in every State and Territory to <u>make and enforce contracts</u>, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white

citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "MAKE AND ENFORCE CONTRACTS" DEFINED
For the purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) PROTECTION AGAINST IMPAIRMENT
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

39. The aforementioned acts of the Defendants denied Plaintiffs these rights and deprived them of the ability to contract with the U.S Bank in Alta Loma as citizens of the White race that live outside of a 5 to 6-mile radius of the US Bank at Alta Loma are allowed to contract when they seek to open up a bank account.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff's repeat and re-allege paragraphs 1 through 39 as through fully set forth herein.

41. Defendant US Bank acted intentionally as evidenced by the initial White bank clerk, an unnamed defendant, told us to have a seat and they would open an account, she saw Plaintiff Mercedes Green's driver license and knew she lived out of town and beyond a 5 to 6 mile radius of the US Bank in Alta Loma and yet still told us to have a seat and wait on New Accounts to open an account, immediately followed by rejection from the new account person-Andy Nguyen who claimed Mercedes Green had to live in the area to open up an account, followed by acceptance in opening a bank account by the Corporate office, by people who neither saw our race or face, followed by rejection of both of us opening an account by the bank manager, Kathy Sandoval , and then finally the District manager calling Plaintiff Hudena James to tell him that there was no such "bank policy" requiring people to live within a 5 to 6 mile radius of the bank to open an account. These facts evidence a plethora of inconsistencies and contradictions that actually emasculate the pretext used by Defendants of a marketing strategy. The original "bank policy" of exclusion told to both Plaintiffs has now been termed a marketing strategy and simply makes a mockery of the right to contract. White citizens that live outside the 5 to 6-mile radius of the bank are indeed allowed to come to the Alta Loma bank and open up a new bank account and are not treated outrageously like African-Americans

42. The acts of the Defendant were done intentionally and/or recklessly when it denied Plaintiffs the right to contract and open up a bank account at the local US Bank in Alta Loma because they lived outside the 5 to 6-mile radius of the bank whereas White citizens that live outside the 5 to 6-mile radius of Alta Loma are indeed allowed to open up an account. Defendant US Bank's conduct was racially insensitive and showed a callousness toward people of color. White citizens that live outside of the 5 to 6-mile radius are not required to jump through hoops in order to open up a bank account. The repeated and continual denials to open up a bank account, even after the corporate office emailed Defendant Katy Sandoval and told her that she should open up the bank account, is what makes these encounters between the respective parties extreme and outrageous. It wasn't just one isolated racist incident that occurred between the parties but repeated instances of noncompliance with the law and the request of a Corporate email requesting Kathy Sandoval to allow a bank account to be opened and thus allow Afro-Americans to contract as white citizens are allowed to contract with the US Bank in Alta Loma and these actions by Defendant perpetuates the badge of slavery that the 13th Amendment sought to eliminate in this post-civil rights era and were simply cold, callous, and racially insensitive and indifferent.

43. Plaintiff's did not engage in any behavior or make any comments that could justify Defendants, Andy Sandoval and Andy Nquyen, agents and employees of the Principal, US Bank, decisions to not open up a bank account.

44. Defendants US Bank and its employees had no legitimate, nondiscriminatory reason to believe that Plaintiffs posed a security risk to the bank and intended to cause or recklessly disregarded the possibility of causing harm to Plaintiffs by denying both Plaintiffs the right to open up a bank account and contract with the Bank as white citizens who live outside the 5 to 6 mile radius of the US bank are allowed.

45. Defendants, Andy Sandoval and Andy Nquyen, agents of the Principal, US Bank, intended to cause or recklessly disregard the possibility of causing harm by consistently rejecting Plaintiffs various attempts to open up a bank account at their Alta Loma US Bank. The denial of the right to open up a simple bank account when White citizens at the Alta Loma US Bank that live outside a 5 to 6-mile radius of the bank are routinely allowed to open up bank accounts and the Defendants actions have actually and proximately caused Plaintiffs severe emotional distress, worry, anxiety, and injury to their self esteem

46. Defendants, Andy Sandoval and Andy Nquyen, agents of the Principal, US Bank, conduct was done to inflict injury or was engaged in with the realization that injury would result by using false reasons of a nonexistent

"bank policy" for not opening a bank account for Plaintiffs and then treating Plaintiffs differently from White Citizens, who live outside a 5 to 6 mile radius of the bank, in the right to contract, and then the rejection of Plaintiffs' right to open up a bank account was not done just once but they were repeatedly denied the right to open up a bank account. These acts by Defendants combined with the false and nonexistent "bank policy" of Defendants work to makes this repeated conduct extreme and outrageous and furthermore this conduct of denying Plaintiffs' right to open up a bank account based on a nonexistent "bank policy" was done repeatedly by Defendants, and these repeated rejections of the legal right to contract and open up a bank account go against the norms of civilized society and were the actual and proximate cause of the Plaintiffs emotional distress and furthermore Plaintiffs had the right to open up a bank account and contract with Defendants and the denial thereof has caused Plaintiffs anxiety, worry, emotional distress and pain.

47. As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiffs suffered and continues to suffer humiliation, anxiety to banks, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to Plaintiff's damage in an amount to be proven at time of trial.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiffs repeat and re-allege paragraphs 1 through 47 as though fully set forth herein.

49. On May 1, 2018, Defendant US Bank acted negligently and/or recklessly when it caused Plaintiffs to be denied the right to open up a bank account at their local bank.

50. Plaintiffs are closely related as Father and Daughter and Plaintiff Hudena James was present at and witnessed the treatment received by Plaintiff, Mercedes Green from the Defendants. The Plaintiff Hudena James witnessed the racial mistreatment received by Mercedes Green, his daughter, and was aware that the Defendant conduct was causing her emotional injury. US Bank should have known that their discriminatory treatment of Plaintiff Mercedes Green on a repeated basis by denying her the right to open up a bank account would create a reasonable risk of emotional and physical damages and did in fact cause emotional distress to her and Plaintiff Hudena James.

51. Defendants had a duty to prevent from causing Plaintiff, Hudena James, any negligent infliction of emotional harm. Defendant breached that duty when they caused Plaintiff Mercedes James severe emotional distress by not opening up a bank account on her behalf on several occasions and using a nonexistent bank policy as an excuse for not opening the bank account. White citizens that live outside a 5 to 6-mile radius of the US Bank at Alta Loma are indeed allowed to open up bank accounts. Whites that seek to open a bank account at the US Bank in Alta Loma are not given false "bank policies" as a reason for not opening an account. As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff, Hudena James, suffered and will continue to suffer humiliation, anxiety , shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to Plaintiffs' damage in an amount to be proven at time of trial.

## COUNT IV
## FAILURE TO TRAIN, SUPERVISE, AND DICIPLINE AS TO BANK EMPLOYEES

52. Plaintiffs repeat and re-allege paragraphs 1 through 51 as though fully set forth herein.

53. Defendant US Bank knew or should have known that hiring the employees created a particular risk or hazard and that particular harm materialize. The Defendant had a duty to protect the plaintiffs from employees that are unprofessional, racist, or discriminate against people of African American heritage. The US Bank holds themselves out as Equal Opportunity Employers and yet they hired employees that discriminated on the basis of race by treating White citizens that live outside the 5 to 6-mile radius of the Alta Loma Bank differently than Afro-American citizens who live outside the 5 to 6-mile radius of the US Bank. The Defendants and its employees opened bank account for White citizens outside the 6-mile radius and denied this same privilege to Afro-American Citizens such as Plaintiffs. Defendant, US Bank has failed to train employees on how to treat people of different races. The Defendant US Bank had a duty and is responsible for the training, instruction, supervision, and discipline of Defendants US Bank's agents, employees, and/or representatives who were at all times, relevant acting within the scope of their employment.

54. Defendants breached that duty when Defendant US Bank provided grossly inadequate training, instruction, supervision, and discipline to Defendant's agents, employees, and/or representatives on racial discrimination of customers of African American descent and failed to teach them that all citizens who seek to contract with the US Bank in Alta Loma should be treated equally as White citizens.

55. Defendant US Bank was the actual and proximate cause of Plaintiffs damages and should have known and trained and instructed its employees, agents, and/or representatives to be aware that Defendants, U.S. Bank National Associations aka U.S. Bank and/or representatives of U.S. Bank National Association aka U.S. Bank knew or should have known that there was no 5 to 6 mile radius "bank policy" to opening an account for African-Americans and should have trained their staff not to exclude African Americans from opening up bank accounts that lived outside a 5 to 6 mile radius of the bank while allowing White citizens, who lived outside the 5 to 6 mile radius of the US Bank at Alta Loma, the opportunity to open up accounts at the same bank. Plaintiffs were denied the right to open up a bank account because of their race, ancestry and ethnicity. We were not a security threat or a form of suspicious activity.

56. US Bank's inadequate training, supervision, and discipline of its employees, agents, and/or representatives subjected Plaintiffs to intentional discrimination on the basis of their race, ethnicity, and/or national origin and has resulted in emotional damages as follows. Plaintiffs suffered and will continue to suffer humiliation, anxiety to banks, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to Plaintiffs' damage in an amount to be proven at time of trial.

## COUNT V
## UNRUH CIVIL RIGHTS ACT

57. Plaintiffs repeat and re-allege paragraphs 1 through 56 as though fully set forth herein.

58. By their refusal to provide service to plaintiffs on the basis of plaintiff's race, have the violated plaintiff's, right to be free from discrimination as guaranteed by the California Civ. Code 51 As a direct and proximate result of conduct of defendants, and each of them, Plaintiffs have suffered and will continue to suffer humiliation, mental anguish.

59. Defendant's violation of Plaintiff's rights as guaranteed by Civ. Code 51 entitles Plaintiffs to receive compensatory damages, attorney's fees, and injunctive relief, all of which are provided for in Civ. Code 52 and are prayed for below.

60. In doing the acts alleged in this complaint, defendants knew or should have known that their actions were likely to injure Plaintiffs. Plaintiffs are informed and believes, and on that basis alleges, that Defendants intended to cause injury to and acted with a willful and conscious disregard of Plaintiff's rights as secured by Civ. Code_51, thereby entitling Plaintiffs to

  recover treble damages, or a minimum of $4,000, pursuant to Civ. Code 52 subd. (a).

61. Defendant is a bank and thus a business establishment within the meaning of the Unruh Civil Rights Act, e.g., At all times herein mentioned, defendant U.S. Bank National Association aka U.S. Bank was the owner or operator of a business establishment engaged in the business of banking commonly known and designated as owner of US Bank in Alta Loma, California. Specifically, 9696 Baseline Road LM-CA5008 Alta Loma, California 91701. As the local bank and the parent company U.S. Bank National Association aka U.S. Bank situated at 80 South 8th Street, Suite 224, Minneapolis, Minnesota 55402 County, California.

62. On May 1, 2018, Plaintiffs entered the US Bank. US Bank maintains a business presence at 9696 Baseline Road LM-CA5008 Alta Loma, California 91701 the City of Alta Loma, State of California with the intention and purpose of opening up a bank account. Plaintiff requested defendant, U.S. Bank National Association aka U.S. Bank and several of defendant's employees to open up a bank account to which they refused in bad faith and without any policy to back up the denial. Plaintiffs requests were refused. During the time Plaintiff was on the above-mentioned premises, however, bank accounts were indeed opened for people of the White race that lived outside the 5 to 6 mile radius of the US Bank but refused to extend the same right to Plaintiffs of the African American ancestry to open up a bank account while other races who come to Defendant's establishment before and after Defendants denial of the Plaintiffs' right to open a bank were indeed allowed to open up a bank account.

63. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, denied to plaintiff the services, advantages accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, in that Plaintiffs, are a member of African American Ancestry.

64. The conduct of Defendants amounted to Plaintiffs being treated like slaves and the badge of slavery was imposed on them in clear violation of the right and privileges afforded to every citizen under the Thirteenth Amendment and Fourteenth Amendment to the United States Constitution and this action is brought to redress the deprivation of rights, privileges, and immunities secured by the Thirteenth Amendment and Fourteenth Amendment to the United States Constitution (US Cont. Amend. XIII), as well as pursuant to Title 42, United States Code, Section 1981 (42 U.S.C.A. §§ 1981). This action is brought to secure the rights of plaintiffs to make and enforce contracts and to enjoy the security of persons and property in the same manner as citizens of other races……

65. This is a suit for damages and for and other affirmative relief against discrimination as a badge and incident of slavery unlawful under the Thirteenth Amendment to the United States Constitution (U.S. Const. Amend. XIII) and Title 42, United States Code, Sections 1981 (42 U.S.C.A. §§ 1981)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as follows:

1. For general damages in the sum of $ 1,000,000;
2. For statutory damages in the sum of $4,000;
3. For attorney's fees pursuant to Civil Code Section 52;
4. For exemplary and punitive damages;
5. For costs of suit herein incurred; and
6. For Private Attorney General Fees Pursuant to 42 USCA  1981
7. For such other and further relief as the court may deem proper.
8. Jury Trial Demanded

Dated : February 7, 2019

*Hudena James* (signature)
Hudena James

Dated: February 7, 2019

*Mercedes Green* (signature)
Mercedes Green