## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | April 10, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) [DE 31]**

On February 7, 2019, plaintiffs Hudena James ("James") and Mercedes Green ("Green") (collectively, "Plaintiffs") filed a First Amended Complaint ("FAC") against defendants U.S. Bank National Association ("U.S. Bank"), Kathy Sandoval, Andy Nguyen, and Does 1–10 (collectively, "Defendants") (DE 29). In the FAC, Plaintiffs allege five claims for relief: (1) Count one – racial discrimination under 42 U.S.C. § 1981; (2) Count two – intentional infliction of emotional distress; (3) Count three – negligent infliction of emotional distress; (4) Count four – failure to train, supervise, and discipline; and (5) Count five – violation of the Unruh Civil Rights Act ("Unruh Act").

The Court dismissed Plaintiffs' initial complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants now move to dismiss Plaintiffs' FAC for the same reason (DE 31). Plaintiffs oppose the motion, although their opposition was untimely and well over the page limit.[1] Defendants argue that the FAC should be dismissed because Plaintiffs fail to cure the defects noted in the Court's January 11, 2019 Order. (*See* Order Re: Defendants' Motion to Strike under Fed. R. Civ. P. 12(b)(6), ECF No. 27.) The Court agrees.

Plaintiffs' allegations in the FAC mirror those in the initial complaint, with minimal changes. In claim one, Plaintiffs simply repeat the allegation that they were treated "differently than White citizens who live outside a 5 to 6 mile radius of the bank" and note that employees over the phone who did not see their "race or face" opened an account for Green while employees who saw her in person refused. (FAC ¶¶ 14, 34, ECF No. 29.) These threadbare allegations still do not plausibly suggest that they were

---

[1] The Court notes that Plaintiffs continue to break several Local Rules and the Court's Standing Order in their filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | April 10, 2019 |
|---|---|---|---|
| Title | ***Hudena James, et al. v. U.S. Bancorp, et al.*** | | |

intentionally discriminated against because of their race. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007)); *see also* Order 3–4, ECF No. 29.

In claim two, Plaintiffs still fail to allege facts that are sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress. (*See* Order at 6–7.) Similarly, Plaintiffs' third claim for negligent infliction of emotional distress fails because Plaintiffs added no allegations of negligent conduct beyond simply concluding that Defendants "acted negligently." (FAC ¶ 49.) The fourth claim for failure to train and supervise is also conclusory. Plaintiffs allege only that U.S. Bank "should have known that hiring the employees created a particular risk or hazard and that particular harm materialize [sic],"[2] but do not allege facts plausibly indicating *why* hiring the employees created a risk of discriminatory conduct or *why* U.S. Bank had reason to know of this risk. (*Id.* ¶ 53.) For the same reasons outlined in the January 11, 2019 Order, the fourth claim fails.

Finally, Plaintiffs' fifth claim for violation of the Unruh Act fails for not plausibly suggesting that Defendants are liable. The additional allegations are taken directly from the Court's Order: "During the time Plaintiff was on the above-mentioned premises, however, bank accounts were indeed opened for people of the White race that lived outside the 5 to 6 mile radius of the US Bank."[3] (*Id.* ¶ 62.) As discussed before, while these conclusory allegations suggest a "bare possibility" of discrimination, they are insufficient to state a claim for intentional discrimination under the Unruh Act. *Dallas and Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1063 (C.D. Cal. 2015) (internal citations omitted.)

"Although a district court should grant the plaintiff leave to amend" if the pleading deficiencies "can possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks omitted) (citing *Zixiang Li v. Kerry*, 710 F.3d 995, 997 (9th Cir. 2013)). Here, Plaintiffs cannot cure their FAC with additional factual allegations.

---

[2] The Court notes that here, Plaintiffs have added conclusory allegations that mirror the Court's statements of the law in its January 11, 2018 Order verbatim. (*See* Order at 9 ("Liability is imposed when 'the employer *knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes*' . . .") (emphasis added).)
[3] The Court's Order explained that Plaintiffs' Unruh Act claim lacked allegations plausibly suggesting that Defendants intentionally discriminated against Plaintiffs because of their race: "For instance, it would be more indicative of discrimination if those [white] customers were permitted to open accounts despite living outside a six-mile radius of the bank." (Order at 10.) But merely repeating the Court's words into the FAC does not raise the likelihood of intentional discrimination from merely "possible" to "plausible." Plaintiffs allegations are still conclusory and premised entirely on speculation. In fact, Plaintiffs explain in their Opposition that they knew that white customers were permitted to open accounts despite living outside the 6-mile radius because of "common sense." (Pls.' Opp'n 11, ECF No. 40.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01762-RGK-SP | Date | April 10, 2019 |
|---|---|---|---|
| Title | ***Hudena James, et al. v. U.S. Bancorp, et al.*** | | |

Accordingly, the Court **GRANTS** Defendants' motion **with prejudice**.[4]

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                VRV

---

[4] In their Reply, Defendants request monetary sanctions against Plaintiffs under Local Rules 7-13, 11-9, and 83-7 for failure to follow the Local Rules and the Court's Standing Order, but the Court declines to exercise its discretion to apply sanctions here.