Name: Hudena James
Address: 23729 Bouquet Canyon Place
City, State, Zip: Moreno Valley, California 92557
Phone: (909) 732 2450
Fax: N/A
E-Mail: Hudena@aol.com

☐ FPD   ☐ Appointed   ☐ CJA   ☒ Pro Per   ☐ Retained

FILED
2019 MAY -3 PM 1:31
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Hudena James, et.al

PLAINTIFF(S),

v.

U.S. Bancorp, et.al.

DEFENDANT(S).

CASE NUMBER:

5:18-cv-01762-RGK-SP

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Hudena James_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Dismissal with Prejudice pursuant to FRCP

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ___April 10, 2019___. Entered on the docket in this action on April 10, 2019___.

A copy of said judgment or order is attached hereto.

May 2, 2019
Date

Signature: Hudena James
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                                      NOTICE OF APPEAL

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s):** 5:18-cv-01762-RGK-SP

**Case Name:** Hudena James, et.al. v. U.S. Bancorp, et.al.

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the **Notice of Appeal** and any attachments. *(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature:** [signed]   **Date:** 5-3-2019

| Name | Address | Date Served |
|---|---|---|
| Julie Ann Luetkenha[us] | 23046 Avenida De La Carlota, Suite 300, Laguna Hills, California 92653 | 5/3/2019 |
| Benjamin R. Trachtn[...] | 23046 Avenida De La Carlota, Suite 300, Laguna Hills, California 92653 | 5/3/2019 |
| Ryan Moore Craig | 23046 Avenida De La Carlota, Suite 300, Laguna Hills, California 92653 | 5/3/2019 |
|  |  |  |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 25                                                                                                   Rev. 12/01/2018

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-01762-RGK-SP | Date | April 10, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) [DE 31]**

On February 7, 2019, plaintiffs Hudena James ("James") and Mercedes Green ("Green") (collectively, "Plaintiffs") filed a First Amended Complaint ("FAC") against defendants U.S. Bank National Association ("U.S. Bank"), Kathy Sandoval, Andy Nguyen, and Does 1–10 (collectively, "Defendants") (DE 29). In the FAC, Plaintiffs allege five claims for relief: (1) Count one – racial discrimination under 42 U.S.C. § 1981; (2) Count two – intentional infliction of emotional distress; (3) Count three – negligent infliction of emotional distress; (4) Count four – failure to train, supervise, and discipline; and (5) Count five – violation of the Unruh Civil Rights Act ("Unruh Act").

The Court dismissed Plaintiffs' initial complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants now move to dismiss Plaintiffs' FAC for the same reason (DE 31). Plaintiffs oppose the motion, although their opposition was untimely and well over the page limit.[1] Defendants argue that the FAC should be dismissed because Plaintiffs fail to cure the defects noted in the Court's January 11, 2019 Order. (*See* Order Re: Defendants' Motion to Strike under Fed. R. Civ. P. 12(b)(6), ECF No. 27.) The Court agrees.

Plaintiffs' allegations in the FAC mirror those in the initial complaint, with minimal changes. In claim one, Plaintiffs simply repeat the allegation that they were treated "differently than White citizens who live outside a 5 to 6 mile radius of the bank" and note that employees over the phone who did not see their "race or face" opened an account for Green while employees who saw her in person refused. (FAC ¶¶ 14, 34, ECF No. 29.) These threadbare allegations still do not plausibly suggest that they were

---

[1] The Court notes that Plaintiffs continue to break several Local Rules and the Court's Standing Order in their filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-01762-RGK-SP | Date | April 10, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

intentionally discriminated against because of their race. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007)); *see also* Order 3–4, ECF No. 29.

In claim two, Plaintiffs still fail to allege facts that are sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress. (*See* Order at 6–7.) Similarly, Plaintiffs' third claim for negligent infliction of emotional distress fails because Plaintiffs added no allegations of negligent conduct beyond simply concluding that Defendants "acted negligently." (FAC ¶ 49.) The fourth claim for failure to train and supervise is also conclusory. Plaintiffs allege only that U.S. Bank "should have known that hiring the employees created a particular risk or hazard and that particular harm materialize [sic],"[2] but do not allege facts plausibly indicating *why* hiring the employees created a risk of discriminatory conduct or *why* U.S. Bank had reason to know of this risk. (*Id.* ¶ 53.) For the same reasons outlined in the January 11, 2019 Order, the fourth claim fails.

Finally, Plaintiffs' fifth claim for violation of the Unruh Act fails for not plausibly suggesting that Defendants are liable. The additional allegations are taken directly from the Court's Order: "During the time Plaintiff was on the above-mentioned premises, however, bank accounts were indeed opened for people of the White race that lived outside the 5 to 6 mile radius of the US Bank."[3] (*Id.* ¶ 62.) As discussed before, while these conclusory allegations suggest a "bare possibility" of discrimination, they are insufficient to state a claim for intentional discrimination under the Unruh Act. *Dallas and Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1063 (C.D. Cal. 2015) (internal citations omitted.)

"Although a district court should grant the plaintiff leave to amend" if the pleading deficiencies "can possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks omitted) (citing *Zixiang Li v. Kerry*, 710 F.3d 995, 997 (9th Cir. 2013)). Here, Plaintiffs cannot cure their FAC with additional factual allegations.

---

[2] The Court notes that here, Plaintiffs have added conclusory allegations that mirror the Court's statements of the law in its January 11, 2018 Order verbatim. (*See* Order at 9 ("Liability is imposed when 'the employer *knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes*' . . .") (emphasis added).)

[3] The Court's Order explained that Plaintiffs' Unruh Act claim lacked allegations plausibly suggesting that Defendants intentionally discriminated against Plaintiffs because of their race: "For instance, it would be more indicative of discrimination if those [white] customers were permitted to open accounts despite living outside a six-mile radius of the bank." (Order at 10.) But merely repeating the Court's words into the FAC does not raise the likelihood of intentional discrimination from merely "possible" to "plausible." Plaintiffs allegations are still conclusory and premised entirely on speculation. In fact, Plaintiffs explain in their Opposition that they knew that white customers were permitted to open accounts despite living outside the 6-mile radius because of "common sense." (Pls.' Opp'n 11, ECF No. 40.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-01762-RGK-SP | Date | April 10, 2019 |
|---|---|---|---|
| Title | *Hudena James, et al. v. U.S. Bancorp, et al.* | | |

Accordingly, the Court **GRANTS** Defendants' motion **with prejudice**.[4]

**IT IS SO ORDERED.**

Initials of Preparer     VRV

---

[4] In their Reply, Defendants request monetary sanctions against Plaintiffs under Local Rules 7-13, 11-9, and 83-7 for failure to follow the Local Rules and the Court's Standing Order, but the Court declines to exercise its discretion to apply sanctions here.