**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUDENA JAMES; MERCEDES GREEN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. BANCORP, a business entity, form unknown, <br><br> Defendant, <br><br> and <br><br> KATHY SANDOVAL, an Individual; et al., <br><br> Defendants-Appellees. | Nos. 19-55514 <br>          19-55544 <br><br> D.C. No. 5:18-cv-01762-RGK-SP <br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hudena James and Mercedes Green appeal pro se from the district court's order dismissing their 42 U.S.C. § 1981 action alleging discrimination and state law claims arising out of the denial of plaintiffs' request to open a bank account. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm in part, reverse in part, and remand.

The district court properly dismissed plaintiffs' claim for intentional infliction of emotional distress ("IIED") because plaintiffs failed to allege facts sufficient to show that defendants' actions were outrageous. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of an IIED claim).

The district court properly dismissed plaintiffs' claim for negligent infliction of emotional distress ("NIED") because plaintiffs failed to allege facts sufficient to show that defendants owed a duty to plaintiffs. *See McMahon v. Craig*, 97 Cal. Rptr. 3d 555, 560-61 (Ct. App. 2009) (elements of NIED claim).

The district court properly dismissed plaintiffs' claim for negligent supervision or retention of an employee because plaintiffs failed to allege facts sufficient to show that defendants knew or should have known that their hiring decisions were negligent. *See Delfino v. Agilent Techs., Inc.*, 52 Cal. Rptr. 3d 376, 397 (Ct. App. 2006) (elements of negligent supervision or retention).

The district court did not abuse its discretion by denying leave to amend plaintiffs' claims for IIED, NIED and negligent supervision or retention of an employee because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that denial of leave to amend is proper when amendment would be futile).

The district court dismissed plaintiffs' claims under § 1981 and California's Unruh Act for failure to state a claim. However, plaintiffs' allegations, liberally construed, were sufficient to show intentional discrimination. *See Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)."); *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (elements of § 1981 claim in a commercial, non-employment context); *Munson v. Del Taco, Inc.*, 94 Cal. Rptr. 3d 685, 692-93 (Ct. App. 2009) (to state a claim under the Unruh Act premised on racial discrimination, a plaintiff must plead intentional discrimination). We reverse the judgment as to the district court's dismissal of plaintiffs' claims under § 1981 and California's Unruh Act, and remand for further proceedings as to those claims only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Plaintiffs' request for judicial notice, set forth in the opening brief, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part, and REMANDED.**