1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

# United States District Court
# Central District of California

| | |
|---|---|
| HUDENA JAMES, and JACQUELINE JAMES<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br><br>U.S. BANCORP, et al.,<br><br>　　　　　　Defendants. | Case № 5:18-CV-01762-RGK-SP<br>**ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY JUDGE R. GARY KLAUSNER MADE PURSUANT TO 28 U.S.C. §§ 144, 455 [DE-63.]** |

## I.　　INTRODUCTION

On August 22, 2018 Plaintiffs filed a complaint for damages against U.S. Bancorp, U.S. Bank National Association, Andy Cecere, Kathy Sandoval, Andy Nguyen and Does 1-10 alleging racial discrimination.  Generally, it is alleged that plaintiffs attempted to open an account with a branch located in Alta Loma but were told that they would be unable to open a new account unless they lived within 5 – 6 miles of the branch.  Almost simultaneously, they called the corporate offices from the

parking lot of the location and were able to open an account over the phone. Plaintiff's theory is that the bank representatives who processed the request over the phone could not see plaintiffs and did not know that plaintiffs were African Americans, while those inside the branch were able to identify plaintiffs' race and were then able to execute their discriminatory practices or policies. [DE-1].

In response to the Defendant' challenge to the pleading, the Court ordered all counts, other than claim 2 of the complaint dismissed with leave to amend. Claim 2 was dismissed with prejudice. [DE-27.]

On February 7, 2019 Plaintiffs filed their First Amended Complaint ("FAC") alleging each of the original claims with the exception of Claim 2. [DE-29.] On April 10, 2019 the Court granted Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) with prejudice, [DE-45.]

ON May 3, 2019 Plaintiffs filed a timely Notice of Appeal. [DE-46.] On August 12, 2020 the Ninth Circuit Court of Appeal affirmed in part, reversed in part and remanded. [DE-56.]

On August 24, 2020 Plaintiff filed the instant Motion to Disqualify United States District Judge R. Gary Klausner. As required by statute, General Order 19-03, and Local Rule 72-5, the matter has been assigned to this Court for determination. [DE-64]. After giving due consideration to plaintiffs' arguments, the motion is DENIED.

The timing of the motion is somewhat curious. This matter has been pending before Judge Klausner for nearly two years. It was only after the Court of Appeals reversed a portion of Judge Klausner's order dismissing the majority of the complaint did Plaintiffs come to the conclusion that Judge Klausner is prejudiced against them.

Plaintiffs cite six categories of circumstances which they contend would compel a reasonably intelligent person, with knowledge of the facts, to conclude the judge could not be impartial. *Clemens v. U.S. Dist. Court for the Cent. Dist. of Cal.,* 428 F.3d 1175, 1178 (9th Cir. 2005.) These matters are set forth in Mr. James'' Declaration. They are:

1. *Judge Klausner graduated from Loyola Law School in 1967. One of the defense attorneys also graduated from Loyola 21 years later. Judge Klausner is a "big supporter of Loyola." Lastly, Plaintiffs feel that it is likely that Judge Klausner hired the attorney, while he was still a student, as an extern to work in his chambers, presumably because the judge has hired a number of Loyola grads for his chambers.* None of this material is appropriate for a Declaration because none of it falls within the category of facts within the personal knowledge of the declarant. "[C]onclusory, self-serving affidavit[s], lacking detailed facts and any supporting evidence," are insufficient to create a genuine issue of material fact. *FTC v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir.1997). Declarations must be made with personal knowledge; declarations not based on personal knowledge are inadmissible and cannot raise a genuine issue of material fact. *See Skillsky v. Lucky Stores, Inc.,* 893 F.2d 1088, 1091 (9th Cir.1990)

2. *Defense counsel included the trial court Judge Klausner on the service list while the case was on appeal. Plaintiff's believe this was counsel's way of trying to ingratiate himself to the judge.*

3. *The defense attorney sought reconsideration/rehearing on the Circuit Court's order, granting part of the appeal.*

Items 2 & 3 are not actions taken by Judge Klausner, but by one of the attorneys or the secretary of one of the attorneys. Unexplained is how these actions can be attributed to the judge.

4. *Judge Klausner is alleged to be a registered Republican. The leader of the Republican party is Donald Trump who has a low opinion of the movement Black Lives Matter. As a result, Judge Klausner is biased.* Like the allegations about Loyola Law School, how much of this is based on personal knowledge? Was Judge Klausner registered as a Republican when he was appointed? Is he still registered as a Republican today? What would lead to the conclusion that he is guided by the likes and dislikes of Donald Trump? Given the constitutional separation of powers as well as the provisions of Article III, the Executive Branch has no control or influence over the Judicial Branch.

5. *Judge Klausner is incompetent to handle a civil rights / racial discrimination case.* No facts are offered to support this contention.

6. *Judge Klausner did not grant leave to amend, which Plaintiff feels is commonly done with pro se litigants.*

## II. LEGAL STANDARD

There are two federal statutes enacted to assure that litigants receive a fair trial before an impartial judge, 28 U.S.C.§§144 and 455. Section 455 provides that any judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The section also provides specific examples of situations where a judge's impartiality might be questioned, for example when the judge might have a financial interest that could be affected by the outcome of the matter, or circumstances that if known, might cause a reasonable person to question the judge's impartiality.

Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

*"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists*, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." (Emphasis added.).

Here, the motion is accompanied by a Declaration and therefore will be treated as if brought under section 144. It is in the area of "facts" that the affidavit is woefully inadequate.

### III.     NO FACTS HAVE BEEN OFFERED TO SUPPORT ANY LEGAL BASIS FOR RECUSAL

First, a number of "facts" set forth in the Declaration of James do not state matters within the personal knowledge of the declarant. For example, whether Judge Klausner and defense counsel graduated from Loyola Law School is a matter which may be determined by reference to a number of reliable sources. However, whether or not the Judge is a "big supporter of Loyola is not a matter within the personal knowledge of the declarant. That is nothing more than speculation and not properly included in a declaration. In addition", the declarant "feels" that "it is likely" that defense counsel worked in the judge's chambers as a student. Clearly these are not facts, nor are these matters within the knowledge of the declarant and constitute yet another example of matter not properly included in a declaration. Whether the judge has hired a number of Loyola graduates is also a matter not within the

personal knowledge of the Declarant.  This material is stricken from the declaration and will not be considered by this Court as "facts" supporting the claim of bias.

The Plaintiffs' fixation on Loyola and how that is relevant to the question of Judge Klausner's ability to be impartial is lost on this Court.  Los Angeles and Orange Counties have a number of law schools including UCLA, USC, Loyola, Pepperdine, Southwestern, U.C.I. and Chapman. Each of these law schools provide many hundreds of lawyers to the local legal community. It is therefore highly likely that a judge who graduated from one of these law schools will encounter an attorney who graduated from the same law school.  It is not a matter of any importance. Indeed, it is not a subject judge's research on each of their cases.  To the extent the contention is being made that judges, or any judge would be partial or prejudiced against or in favor of any party by virtue of what law school the parties *attorneys* attended is absurd.  However, that is not the contention here.  Plaintiff makes the specific claim that Judge Klausner "may" be favorably disposed to defense counsel in "this" case because they both attended Loyola and it is plaintiff's "belief" that it is "likely" that he worked in Judge Klausner's chambers as a student.  And to drill down into the logical reasoning of the premises of his argument, one must believe Judge Klausner will have remembered an extern, who by definition is only in chambers for a semester, 34 years later.  If the theory was based on facts it would be fanciful at best.  However, it is not based on facts, but mere conjecture.  Therefore it does not rise to the level of fanciful.

The fact that the defense attorney included the trial court on the service list while the matter was on appeal is of no consequence.  Before the advent of electronic dockets, briefs on appeal required enough copies for each appellate judge, at least one copy for the next highest reviewing court and a copy for the trial court.  The fact that a defense attorney, or more likely, his secretary, placed the trial court on the service lists does not mean what Plaintiff's say it does.  It is not uncommon

1 for all of the courts which have handled any aspects of a case to be placed on the
2 service list.

3 The Opinion of the Ninth Circuit affirmed the dismissal of the NIED and IIED
4 and failure to train, supervise or discipline causes of action. The appellate court also
5 found that it was proper to dismiss without leave to amend because amendment
6 would have been futile. However, with the 1981 claim and the Unruh claims the
7 Court of Appeals disagreed with Judge Klausner's dismissal and found:

8 "[P]laintiffs' allegations, liberally construed, were sufficient to show intentional
9 discrimination. See *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("If there
10 are two alternative explanations, one advanced by defendant and the other
11 advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a
12 motion to dismiss under Rule 12(b)(6)."); *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145
13 (9th Cir. 2006)." (Memorandum Decision, DE- 56  Filed 08/12/20  Page 3 of 4.)

## IV. THE FACT THE NINTH CIRCUIT REACHED A DIFFERENT CONCLUSION IS NOT EVIDENCE OF BIAS

16 Plaintiff complains that the Ninth Circuit panel reached a different conclusion
17 than did Judge Klausner which, in his view, is evidence of bias or prejudice on the
18 part of Judge Klausner. It is not. It is not uncommon for the Circuit Court of Appeals
19 to reach conclusions which differ from those reached by the district court. Similarly,
20 it is not uncommon for the Supreme Court to reach conclusions different from those
21 reached by the Circuit Courts of Appeals. It is neither productive nor accurate to
22 assume anything nefarious in the motives of any judge because another judge
23 reaches a different conclusion on the same issue.

24 Moreover, judicial rulings alone almost never constitute a valid basis for a bias
25 or partiality motion. See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at
26 1710. In and of themselves (*i.e.,* apart from surrounding comments or accompanying
27 opinion), they cannot possibly show reliance upon an extrajudicial source; and can
28 only in the rarest circumstances evidence the degree of favoritism or antagonism

required (. . .) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v. United States,* 510 U.S. 540,555 114 S.Ct. 1147, 1157. (1994)

Lastly, Plaintiff complains that he was not given numerous attempts to amend his complaint. He seems to imply that as a *pro se* litigant, as a matter of right he is entitled to amendment after amendment. The Ninth Circuit also concluded that leave to amend would have been futile. Plaintiff does not allege they too are biased. What plaintiff overlooks is that he was given explicit instructions as to why his complaint was factually inadequate and how it was to be corrected. He repeated his errors from the original complaint, or simply incorporated the language or the order explaining the pleading's deficiencies into the amended complaint as a substitute for its inadequate facts. When a plaintiff ignores the instructions of the court as to ways his pleading is to be corrected, what purpose is served by granting additional opportunities to ignore the court's instructions? Plaintiff did himself no favors by his blatant failures to comply with the rules. As Judge Klausner noted, his opposition to the motion to dismiss the FAC was late and greatly exceeded the permissible page length. It should also be noted that he consistently violated the rule requiring papers be double-spaced with a typeface not smaller than 14-point. While Judge Klausner could have easily rejected the papers for filing for being in non-compliance, he accepted the non-compliant, difficult to read documents. Not an action indicative of a judge who holds a bias against a party.

## V   CONCLUSION

In the final analysis, the Court is unable to articulate a logical reason to conclude there exists any level of bias against Plaintiffs or favoritism towards another

party to the instant litigation.  Frankly, attempting to construct a rational argument as to why a judge cannot be impartial in a case is not the role of the Court, but a burden which must be shouldered by the party bringing the motion to disqualify. (28 U.S.C. § 144.)  Here, Plaintiff has not met that burden.

Nothing constructive can come of characterizing the instant motion.  Suffice it to say that disconnected conclusory assertions of bias, based on speculation with literally no factual support, are insufficient to convince this Court that a prima facie case of bias has been made.  For that reason, the motion is DENIED.

**IT IS SO ORDERED.**

DATED:   October 13, 2020.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE