1  Hudena James
2  Mercedes Green
3  23729 Bouquet Canyon Place
   Moreno Valley, California 92557
4  (909) 732-2450

5  Hudena James, In Pro Per
6  Mercedes Green, In Pro Per



7

8          IN THE UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA-
10                  WESTERN DIVISION

11

12  Hudena James, an individual,          CASE NO.: 5:18-cv-01762
    Mercedes Green, an individual,              RGK (SP)
13

14                  Plaintiffs,

15                                   NOTICE OF MOTION AND
            vs.                      MOTION TO MOTION TO COMPEL
16                                   INITIAL DISCLOSURE   FRCP Rule
17  U.S. Bancorp, a business entity,  37
    form unknown, U.S. Bank National
18  Association aka U.S. Bank, Andy    Date: Tuesday, February 2, 2021
    Cecere, an individual, Kathy       Time 10 a.m.
19  Sandoval, an individual, Andy      Judge: Magistrate Judge Sheri Pym
    Nguyen, an individual, Does 1-10,
20
21
22          Defendants.
23

24       TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS
25
26       OF RECORD: Please TAKE NOTICE that on February 2, 2021 at
27  10am., or as
28
         NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
    DISCLOSURE   FRCP Rule 37

soon thereafter as this matter may be heard in Courtroom 3 of this District

Court located at the George E. Brown, Jr Federal Building and United States

Courthouse, 3470 12th St. Riverside, California 92501. Plaintiffs Hudena

James and Mercedes Green will and herby do move this Court, pursuant to

Federal Rules of Civil Procedure 37, on the grounds that:

1.  The Defendant has repeatedly failed and refused to give me the addresses

    and phone numbers of the witnesses in this case pursuant to FRCP 26

2   The Defendant has failed and refused to give me Electronically Stored

Information such as  emails from the Defendants pursuant to FRCP 26e.

3   The  Defendant have refused to supplement their  initial disclosures

pursuant to FRCP 26 with video of the incident of May 1, 2018, insisting only

that it is video with no audio, but video with no audio will still show how much

time we spent inside and outside the bank and who made phone calls and who

didn't while we were there.

4   The Motion will be based on the Notice of Motion, and Motion, the

concurrently filed Memorandum of Points and Authorities, and all papers,

pleading, documents, arguments of Hudena James and Mercedes Green and

other materials presented before or during the hearing on this Motion and

any other evidence and argument the court may consider.

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
DISCLOSURE   FRCP Rule 37

Please Take Further Notice that this Motion is made in compliance

Following the conference of counsel pursuant to L.R.7-3 and Local Rule 37.

Which took place on December 28, 2020 to no avail.


## MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCLOSURE

## I

## Introduction


The Attorney for the Defendants, Mitchell C. Motu , is putting all

of the Defense witnesses in this case under the  "control group" of the

corporation thus making him an attorney for the Defendants and

nondefendant witnesses as well and thus making a  mockery of FRCP 26 and

frustrating our effort to collect relevant evidence. ( See Exhibit A)  Defendants

also objects to us asking questions of the CEO of US Bank.

In the case of  Moon v. SCP Pool Corp., et. al. 232 F.R.D. 633,

., 783 F.2d 370 (2005 )the court stated the following :


Fed. R. Civ. P. 26(b)(1) permits discovery in civil actions of any matter, not

privileged, that is relevant to the claim or defense of any party. Generally, the

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
DISCLOSURE   FRCP Rule 37

purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Fed. R. Civ. P. 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. All discovery, and federal litigation generally, is subject to Fed. R.Civ. P. 1, which directs that the rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery;...,. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions Currentness (a) Motion for an Order Compelling Disclosure or Discovery. (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. (2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken. (3) Specific Motions. (A)To Compel Disclosure. If a party fails to make a disclosure

**NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURE   FRCP Rule 37**

required by Rule 26(a), any other party may move to compel disclosure and

for appropriate sanctions. (B)To Compel a Discovery Response. A party

seeking discovery may move for an order compelling an answer, designation,

production, or inspection.

## II

## WITNESSES

The Courts have consistently stated names, addresses and

telephone numbers must be provided in a FRCP 26  Initial Disclosure:

The parties must disclose the names and (if known) the addresses

and telephone number numbers of individuals likely to have discoverable

information that the disclosing party may use to support its claim or defenses

(unless soley for impeachment) and the subject of the information known by

the witness FRCP (a) (1) (A)(i) See Thurby v. Encore  Recoverable

Mgmt,Inc.251 FRD 620,622 (D Co. 2008)

Party designating its employees as witnesses must disclose their

home addresses, telephone, and cell phone numbers , ( not just their business

address and phone number, See Patrick v. Teays Valley Trustees, LLC

297 FRD 248, 258-259(ND WV 2013)

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
DISCLOSURE   FRCP Rule 37

## III

## INSURANCE MUST BE PROVIDED

Also the courts have consistently stated that Insurance

Information must be provided to Plaintiffs :Insurance Information

As noted in Webster v. Psychiatric Med. Care, LLC,

386 F. Supp. 3d 1358 (2019)

"Finally, Webster argues that PMC failed to produce its insurance policy. Within 14 days of the preliminary pretrial conference, a litigant must produce "for inspection and copying. . . , any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for proceedings made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). It is uncontroverted that—despite the clarity of Rule 26(a)(1)(A)(iv)--PMC failed to disclose the existence of its policy in a timely fashion and to disclose the liability limits in any manner prior to the [**16] hearing on the motion to suppress. See supra p. 11 n.2. PMC unquestionably failed to

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURE   FRCP Rule 37

fulfill its discovery obligations as to this issue. The Court finds that the award of fees and costs to Webster appropriately remedies this failure."

The Court finds, too, that PMC's general pattern of no responsiveness throughout the discovery period primarily arose from its failure to give this case the attention it deserved. Because PMC ignored or underestimated the merits of Webster's case, it failed to timely recognize and disclose witnesses and documents relevant to this litigation. This does not render PMC's conduct excusable, but it does not rise to the level of bad faith.

In one regard, however, the Court finds that PMC acted willfully and dishonestly. Webster's First Request for Production was for "a complete copy of all files maintained by PMC regarding [Webster] before, during, and after her employment at PMC." [**19] (Doc. 55-1 at 5.) PMC responded that it was "not aware of responsive documents [*1368] it is withholding based on its objections, other than based on attorney client privilege/work

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURE   FRCP Rule 37

product." (Doc. 55-1 at 6.) As discussed at the hearing on the motion, PMC was, in fact, aware that responsive documents had existed and were being withheld because they had been destroyed. PMC was willfully dishonest and appears to have been attempting to cover up its spoliation.

### D. Availability of Lesser Sanctions

The Court considers the appropriate sanction pursuant to both its inherent authority and Rule 37. There is no absolute limit to the sanctions available to the court, but Rule 37 sets forth a non-exhaustive list of potential remedies, including: excluding evidence, [**23] issuing an adverse inference instruction, instructing the jury of a party's misconduct, preventing a party from presenting a particular claim or defense, awarding partial dismissal, entering default judgment, and awarding reasonable fees. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), (c)(1)."

IV

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURE   FRCP Rule 37

SHOULD HAVE BEEN PUT ON THE FRCP 26 INITIAL

DISCLOSURE  LIST BECAUSE IT IS TANGIBLE AND

RELEVANT AND IT IS WITHIN THE DEFENDANTS

POSSESSION AND CONTROL

See Trevino v. Golden State FC, LLC,

2019 U.S. Dist. LEXIS 140349  ( 2019) where the court

stated the following :

II. DISCUSSION

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(b), the

scope of discovery is as follows:

Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
DISCLOSURE   FRCP Rule 37

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to [*10] be discoverable. Id. However, the court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## CONCLUSION

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURE   FRCP Rule 37

1        Defendants should be ordered to disclose the names and
2   address of the  Defendants and Witnesses in the this case and to
3   disclose all of its emails or have a forensic Data Specialist restore
4   them and to put its Video Evidence on a Supplemental Initial
    Disclosure. As well as provide Insurance Information:
5
6        Respectfully submitted,

7   Date:  _12 -31 -2020_

8   **Hudena James**

9   Date: _12-31-2020_

10  **Mercedes Green**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURE   FRCP Rule 37**

1  Hudena James
2  Mercedes Green
3  23729 Bouquet Canyon Place
   Moreno Valley, California 92557
4  (909) 732-2450
5  Hudena James, In Pro Per
6  Mercedes Green, In Pro Per

7

8          IN THE UNITED STATES DISTRICT COURT

9      FOR THE CENTRAL DISTRICT OF CALIFORNIA-
10                 WESTERN DIVISION

11

12  Hudena James, an individual,          CASE NO.:  5:18-cv-
13  Mercedes Green, an                    01762 RGK (SP)
14  individual,

15                                        Declaration of Hudena James
                Plaintiffs,
16              vs.

17

18  U.S. Bancorp, a business
19  entity, form unknown, U.S.
    Bank National Association aka
20  U.S. Bank, Andy Cecere, an
21  individual, Kathy Sandoval,
22  an individual, Andy Nguyen,
    an individual, Does 1-10,
23

24

25          Defendants.

26

27  I, Hudena James , declare:

28

         NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
    DISCLOSURE   FRCP Rule 37

1. I am the Plaintiff  in this case and I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could competently testify about what I have written in this declaration.

a. Plaintiff Hudena James contacted Defendants. Attorney Mitchell

C. Motu to meet and confer and asked if we could do a joint

stipulation pursuant to Local Rule 37 regarding the failure to

disclose evidence pursuant to FRCP 26  and He has essentially

told me to file my frivolous motions. He has responded that I

should file my frivolous Motions and has consistently failed to

cooperate with us in the discovery process.

Dated December 31, 2020

Hudena James
Hudena James

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
DISCLOSURE   FRCP Rule 37

1  Hudena James
2  Mercedes Green
3  23729 Bouquet Canyon Place
   Moreno Valley, California 92557
4  (909) 732-2450
5  Hudena James, In Pro Per
6  Mercedes Green, In Pro Per

7

8  • IN THE UNITED STATES DISTRICT COURTFOR THE
9  CENTRAL DISTRICT OF CALIFORNIA-WESTERN

10  Hudena James, an individual,                    CASE NO.: 5:18-cv-
11  Mercedes Green, an                              01762 RGK (SP)
    individual,
12             Plaintiffs,
13             vs.                            PROPOSED ORDER ON
14  U.S. Bancorp, a business
15  entity, form unknown, U.S.
    Bank National Association aka
16  U.S. Bank, Andy Cecere, an
17  individual, Kathy Sandoval,
18  an individual, Andy Nguyen,
19  an individual, Does 1-10,
20             Defendants.

21         • The Motion To COMPEL FRCP 26 (a) INITIAL
22         DISCLOSURE  pursuant to FRCP 37 is hereby granted.
23         Dated _____
24
25                                          -------------------
26                                          Sheri Pym
27                                          Magistrate Judge
28
    NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
    DISCLOSURE   FRCP Rule 37

<u>Delivery by U.S. Mail</u>: Proof of Service by Mail.

I, Jacqueline James, declare that I am over the

age of eighteen years and not a party to this action. My

address is 23729 Bouquet Canyon Place, Moreno Valley,

California 92557., December 31, 2020, I served the

NOTICE OF MOTION TO COMPEL INITIAL DISCLOSURE   FRCP Rule
37

on all the interested parties by placing a true

copy in the United States mail enclosed in a sealed

envelope with postage fully prepaid, addressed as follows:

Trachtman & Trachtman, LLP
Benjamin R. Trachtman, Esq
Mitchell C Motu, Esq
19732 MacArthur Boulevard Ste 100, Irvine, CA 92612

I declare under penalty of perjury that the foregoing is true and d

that this declaration was executed on December 31, 2020

at 23729 Bouquet Canyon Place Moreno Valley, Ca 92557

_December 31, 2020_                _Jacqueline James_
Date                                       Jacqueline James

NOTICE OF MOTION AND MOTION TO COMPEL INITIAL
DISCLOSURE   FRCP Rule 37

**December 7, 2020**

**To: Attorneys:**
**Benjamin R. Trachtman**
**Mitchel C. Motu**
**19732 Mac Arthur Blvd**
**Suite 100, Irvine, California 92612**

**From: Hudena James and Mercedes Green**

Dear Attorneys:

As you both already know FRCP 37 requires me to try to address these issues with you both before seeking a motion to compel

FRCP 37 states in pertinent part: (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in **good faith conferred or attempted to confer with the person or party failing to make disclosure** or discovery to obtain it without court action.

EXHIBIT A

I have noticed that your Initial Disclosure, dated November 30 instead of November 26, 2020, pursuant to FRCP 26(a) is inadequate in several areas. Also, I should not have to use my limited discovery requests in order to obtain the relevant evidence pertinent to this case that should have been provided in the Initial Disclosure.

First there is no mention of the video camera evidence in your Initial Disclosure and the camera at the bank in Alta Loma took our pictures and or videos on that day of May 1, 2018 when we entered the bank.

Secondly, there is no mention of phone bills between Kathy Sandoval and the District Manager, those phone bills will document the times that the two of them talked while the Plaintiffs were in the U.S. Bank on May 1, 2018.

Thirdly, there was no mention of any emails between the corporate call center and Kathy Sandoval. I was sitting at Kathy Sandoval's desk on May 1, 2018, when they sent her the email from the corporate call center and she even told me that she received it from the corporate call center office, but your initial disclosure makes no mention of any electronically stored evidence.

Please rectify this oversight on your part immediately and provide us with all the electronic and tangible camera evidence within your possession and control or let me know the evidence is no longer in existence and was somehow

2

**destroyed even though I sent the defendant a letter to preserve all evidence in May of 2018.**

**See "Intel Corp. v. VIA Techs., Inc., 204 F.R.D. 450**

United States District Court for the Northern District of California.  December 12, 2001, decided; December 12, 2001, Filed No. C 99-03062 WHA

**Reporter**
204 F.R.D. 450 * | 2001 U.S. Dist. LEXIS 23168 **

INTEL CORPORATION, a Delaware corporation, Plaintiff, v. VIA TECHNOLOGIES, INC., a Taiwan corporation, and VIA TECHNOLOGIES, INC., a California corporation, Defendants.

*HN3*  **Discovery, Methods of Discovery**
The "documents" referred to in Fed. R. Civ. P. 26(a)(1)(B) are letters, memos, calendars, **e-mails**, written contracts, and the like."

**Finally, you did not provide us with the telephone numbers and addresses of the defendants and witnesses herein. The FRCP 26 (a) Initial Disclosure is mandatory as you well know and not subject to the whims and caprices of counsels nor attorney client privilege. Since it is mandatory, you must provide me with the addresses and telephone numbers of each witness. It is not optional nor is it protected by a right of privacy.  I warned you in advance by email previously that you may not withhold addresses and phone numbers of witnesses.**

Hopefully, you will amend your Initial Disclosure and comply with the law or notify me the evidence that I seek is no longer in existence or simply destroyed. The case has been going on for almost 2 years. Surely, all the evidence you need in the case has been discovered. I look forward to your prompt response to this letter.

Respectfully,

Hudena James

/s /

Mercedes Green

# TRACHTMAN & TRACHTMAN, LLP
### ATTORNEYS AT LAW

BENJAMIN R. TRACHTMAN
MARC A. TRACHTMAN
JOHN W. RODDY
TIMOTHY M. SMITH
KEVIN L. HENDERSON
MATHEW J. VANDE WYDEVEN
KELLI A. TRACHTMAN
JULIE A. LUETKENHAUS
DONALD S. ZALEWSKI
MITCHELL C. MOTU
CRAIG A. FRENCH
RICHARD B. CANADA
ERIC S. ELIOT
JACQUELINE D. DE WARR

†RYAN M. CRAIG (1974-2020)

19732 MACARTHUR BLVD., SUITE 100
IRVINE, CA 92612
TELEPHONE (949) 282-0100
FACSIMILE (949) 282-0111
www.trachtmanlaw.com

December 17, 2020

**VIA EMAIL & U.S. MAIL**
Hudena@aol.com
Mr. Hudena James
23729 Bouquet Canyon Place
Moreno Valley, CA  92557

Re:   **Hudena James, et al. vs. US Bancorp, etc., et al.**
USDC Case No.     :     5:18-cv-01762 RGK (SPx)
Date of Loss      :     05/01/18
Our File No.      :     615-2036

Dear Mr. James:

This letter will serve as Defendants' response to your meet and confer correspondence dated December 7, 2020.

Defendants find it important to point out that the purpose of initial disclosures is to "accelerate the exchange of basic information," not engage in comprehensive discovery. FRCP 26(a). There is also an important distinguishing aspect of the disclosure process that appears to be misinterpreted by Plaintiffs—Defendants are only obligated to identify discoverable information ***that we intend to use to support our claims or defenses***. FRCP 26(a)(1)(A). It seems Plaintiffs are attempting to argue that Defendants have acted in bad-faith during the disclosure process, when in reality we have listed exactly who and what we intend to use to support our claims, pending further investigation. If this information changes, we will supplement our disclosures in a timely fashion, as is our right. FRCP 26(e)(1). We are not obligated to disclose or list every item that Plaintiffs feel will support their claims. Simply put, that is your duty under the code.

**Video Camera Evidence**

As mentioned above, we are not obligated to disclose any discoverable information that we do not intend to use in support of our claims. Accordingly, we did not disclose any video evidence. There is no dispute as to whether Plaintiffs were present in the subject branch May 1, 2018. Surveillance footage has no audio and thus there is no relevant unique information that will be gained from said surveillance that will not be obtainable through the testimony of the parties present. Defendants will not be supplementing our initial disclosures.

EXHIBIT B

Mr. Hudena James
Hudena James, et al. vs. US Bancorp, etc., et al.
December 17, 2020
Page 2 of 2

**Phone Bills**

Again, we do not have to disclose discoverable information we do not intend to use in support of our claims. Similarly, there is no dispute that Mr. Nguyen spoke with Jeff Nace, the District Manager, on the date of the incident. Both individuals will testify as such, as stated in Defendants' initial disclosures.

**Emails between Customer Service Representative and Kathy Sandoval**

No such emails exist. The communication occurred via skype and no record of the same exists. Similarly, Defendants have no obligation to identify evidence it does not intend to use to support their claims. More importantly, Ms. Sandoval is available to testify regarding what occurred, as stated in Defendants' Initial Disclosures. Defendants will not be supplementing our initial disclosures.

**Employee Witnesses Home Address and Telephone Numbers**

Plaintiffs have expressly stated in several communications, the most recent being the December 7, 2020 correspondence at issue, that they need home addresses and phone numbers for employee witnesses in order to ask them about "what witnesses called each other." It is clear that Plaintiffs intend to communicate with employees that are represented by counsel in violation of Rule 4.2, stating in pertinent part, "a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." In the context of this case, this extends to U.S. Bank employees. Rule 4.2(b)(2).

Defendants have identified the relevant witnesses, but are inclined to protect them from Plaintiffs' apparent discovery abuses. To the extent Plaintiffs wish to question them, Defendants will make them available for questioning within the confines of the rules of procedure and the discovery process. To this end, the overarching goal of initial disclosures has been met.

**Insurance**

Defendants have informed Plaintiffs that they are self-insured. This self-insured amount is sufficient to cover any prospective loss based on the damages claimed in Plaintiffs' initial disclosures. It is unclear what further information Plaintiffs are requesting here. Please email me or call to clarify your request and discuss further what you believe is being omitted by Defendants in this regard.

Defendants will assume that this correspondence has resolved any prospective dispute if we do not hear from you otherwise by **December 23, 2020**.

Very truly yours,

TRACHTMAN & TRACHTMAN, LLP

Mitchell C. Motu

MCM:es

To: Mitchell Motu, Esq.
19732 MacArthur Blvd Suite 100
Irvine, California 92612

December 22, 2020

Re: Hudena James, et al v. U S Bancorp. et al, 5: 18_cv-01762 RGK (Spx}

I am somewhat perplexed by your recent response to my letter of December 7,
2020 denoting our displeasures with the inadequacies of your initial
disclosures pursuant to FRCP 26 (a). My understanding of Initial Disclosure
is that you are supposed to provide me with categorized list of all
electronically stored <u>relevant evidence in your possession and control</u> and not
just evidence you intend to use at trial as stated in my previous letter.

You cannot hide the ball or hide the evidence or pick and choose what
evidence to give us. The disclosure of this information is not optional but
rather mandatory according to FRCP 26(a}. The camera evidence will show
the duration of time we were in the bank trying to open an account and cash a
settlement check as well as how many times we came in and out of the bank in
a futile attempt to do both. It will also show who we dealt with in the bank as
well as how much time we spent outside the bank trying to open an account
after being denied the right to open up one inside of the bank. The camera will
actually show the Defendants that denied us the right to open an account and
cash the settlement check and the duration of time we spent trying to do
things that White people do routinely.

In addition to the above, the camera evidence will show what defendants made
phone calls while we were in the bank and what time, if any, when they called
the district manager or what time the district manager called them. The
phone numbers of your defendants and witnesses will also reveal when the
district manager called me at my home at the end of May 2018. It is therefore
very relevant to our case, and it nonverbally speaks to what actually occurred
in the bank on that day.

## Rule 26. Duty to Disclose; General Provisions Governing Discovery

(a) **Required Disclosures.**
(1) *Initial Disclosure.*

EXHIBIT C

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
(in) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.
(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

It has come to my attention also that while you have refused to disclose address and contact information for your witnesses and also refused to reveal a categorization of your Electronically stored information from your computers and cameras that you have zealously called my witness. Specifically, Attorney Jennifer Jones has repeatedly been called in a zealous fashion. Even threatening to subpoena her. What is good for the goose is good for the gander. In other words, if you can talk to my witnesses, then I should be able to talk to yours as well. They always have the right to object and refuse to talk to me, but I should still have that right to ask. In the interim, you continue to call our witness, attorney Jennifer Jones, repeatedly, and even threaten her with a subpoena if she didn't talk to you while simultaneously refusing me that same right to talk to your witnesses. You can't have it both ways. In other words, if you can contact my witnesses, then I should be able to contact yours. Not in a threatening manner, but simply to ask if they would give us their account of this case.

Last but not least, you insist on using the attorney-client privilege as a means to deny us access to your witnesses address and phone numbers. You have repeatedly refused to give me their phone number and addresses while contacting my witness that was disclosed in my FRCP Initial Disclosure. Your recent response to my December 7, 2020 letter states that I will harass your witnesses, but your assumption is in error and has no basis in fact or law other than conjecture. The requested information is mandator under FRCP 26 (a) and you cannot pick and choose what evidence to give me.

Their phone numbers are relevant to this case since you claim the district manager that made the decision to not open an account for Mercedes and I

and refused to cash her settlement check did not see our faces. If he was not in the office and made the decision without seeing our face, then surely proof of that fact would be in the phone calls and emails made between the parties and that fact would be confirmed by phone calls and emails and would be noted as such. Although I sat next to Kathleen Sandoval when she received the email on May 1, 2018 and even though the lady at the corporate call center, Natalie, said she was emailing Kathryn Sandoval, you now claim she was skyping, and the emails suddenly now do not exist and that the skyping messages have suddenly disappeared. How can the emails and skype messages not be in existence when I specifically wrote your client on May 9, 2018 about the May 1, 2018 incident and told them to preserve all evidence in this case, (See Exhibit 1)

Evidence of correspondences by skype messages and emails as well as phone records to see if calls were made by witnesses and defendants serves as an independent evidence to corroborate or disprove the veracity of your defendants and witness's testimony and is therefore relevant evidence. Your refusal to give me those phone numbers and Emails and claims that the emails are now erased Skype messages are very suspect. I sat at Kathy Sandoval' desk and she acknowledged that she had received the email from Natalie, and Natalie at the corporate call center told me that she was sending her an email. The denial of the email sounds petulant on the part of your client and a prima facie case of hiding evidence. These actual emails are now no longer in existence as claimed by you in your letter of December 17, 2020 which was in response to my letter of December 7, 2020. If, as you claimed, those skype messages are destroyed and the emails no longer exist, then your client is hindering the corroboration of our testimony and impeding our independent corroboration of your defendants and witness's testimony. That evidence in and of itself is independent confirmation of dialogue between the parties that will help Plaintiffs in their case. Hopefully, a Forensic Data Specialist can find those emails.

Rule 4.2 applies to the control group when a corporation is represented by an attorney. You cannot claim all the witnesses in this case as protected under attorney-client privilege and that all the defendants and witnesses are part of the attorney-client privilege. All the defendants and witnesses in this case are not part of the corporation control group. Allowing all your witnesses to be

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
(in) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.
(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

It has come to my attention also that while you have refused to disclose address and contact information for your witnesses and also refused to reveal a categorization of your Electronically stored information from your computers and cameras that you have zealously called my witness. Specifically, Attorney Jennifer Jones has repeatedly been called in a zealous fashion. Even threatening to subpoena her. What is good for the goose is good for the gander. In other words, if you can talk to my witnesses, then I should be able to talk to yours as well. They always have the right to object and refuse to talk to me, but I should still have that right to ask. In the interim, you continue to call our witness, attorney Jennifer Jones, repeatedly, and even threaten her with a subpoena if she didn't talk to you while simultaneously refusing me that same right to talk to your witnesses. You can't have it both ways. In other words, if you can contact my witnesses, then I should be able to contact yours. Not in a threatening manner, but simply to ask if they would give us their account of this case.

Last but not least, you insist on using the attorney-client privilege as a means to deny us access to your witnesses address and phone numbers. You have repeatedly refused to give me their phone number and addresses while contacting my witness that was disclosed in my FRCP Initial Disclosure. Your recent response to my December 7, 2020 letter states that I will harass your witnesses, but your assumption is in error and has no basis in fact or law other than conjecture. The requested information is mandator under FRCP 26 (a) and you cannot pick and choose what evidence to give me.

Their phone numbers are relevant to this case since you claim the district manager that made the decision to not open an account for Mercedes and I

part of the control group protected by attorney-client privilege would make a mockery of Initial Disclosures and such a tactic would emasculate FRCP 26 and make it impotent when conducting initial discovery disclosure

Therefore, I will have no choice but to ask the court to intervene in our impasse that appears to be getting us nowhere. I will therefore file a Motion to Compel Initial Disclosure pursuant to FRCP 26(a) and a Motion for Spoliation of Evidence since you are hiding emails and have destroyed skype evidence and refuse to cooperate in meaningful fair and equitable discovery.

Sincerely,

/s/

Hudena James