UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

None Present  None Present

**Proceedings:** (In Chambers) Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Initial Disclosures [80], and Denying Plaintiffs' Motion to Quash Subpoena [78] and Motion for Sanctions for Spoliation of Evidence [83]

# I. INTRODUCTION

Before the court are three discovery motions filed by plaintiffs Hudena James and Mercedes Green: (1) A motion to quash a subpoena to Jones Legal filed on January 4, 2021 (docket no. 78); (2) a motion to compel initial disclosures filed on January 4, 2021 (docket no. 80); and (3) a motion for sanctions for spoliation of evidence filed on January 6, 2021 (docket no. 83). Defendants opposed the spoliation motion on January 11 (docket no. 76) and the two other motions on January 12 (docket nos. 77 (Opp. to Mtn. to Compel), 81 (Opp. to Mtn. to Quash)). Plaintiffs filed replies in support of all of their motions on January 26 and 27.[1] Docket Nos. 87 (Reply ISO Mtn. to Compel), 90 (Reply

---

[1] Plaintiffs' replies are untimely under Central District of California Local Rule 7-10, which requires moving parties to file their replies no later than fourteen days before the date designated for the hearing of a motion. Based on this rule, plaintiffs' replies were all due on January 19, 2021. The court will consider the replies this time but may not consider future filings made in violation of the court's rules. *See* L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

ISO Spoliation Mtn.), 92 (Reply ISO Mtn. to Quash).[2]

    The court found a hearing on the motions would not be of assistance, and so vacated the hearings scheduled for February 1 and 2, 2021. For the reasons discussed below, the court now: denies plaintiffs' motion to quash, albeit with one modification to the subpoena; grants in part and denies in part plaintiffs' motion to compel initial disclosures; and denies plaintiffs' spoliation motion.

## II. BACKGROUND

    On August 22, 2018, plaintiffs filed a complaint against U.S. Bancorp and Andy Cecere. Plaintiffs filed a First Amended Complaint ("FAC") on February 7, 2019, adding defendants U.S. Bank National Association, a.k.a. U.S. Bank, Andy Nguyen, and Kathy Sandoval. Plaintiffs allege that on May 1, 2018, defendants unlawfully discriminated against them on the basis of their race when Green attempted to open a bank account to deposit a $50,000 personal injury settlement check ("the incident"). The employees at the local U.S. Bank branch allegedly told plaintiffs that it was against corporate policy to open accounts for individuals who do not reside or work within six miles of the bank. Shortly after, however, the bank's corporate office opened the bank account for Green over the phone after both plaintiffs called to complain. According to plaintiffs, the corporate office employees stated that the local branch's staff should have opened the account for Green. Plaintiffs claim that the local branch allows white individuals who live or work farther than six miles from the bank to open accounts.

    The parties held their latest Federal Rule of Civil Procedure 26(f) conference on November 16, 2020, at which they agreed to exchange initial disclosures by November 30. The court set a discovery cut-off date of May 5, 2021 in preparation for a jury trial on August 3, 2021.

    On December 7, 2020, plaintiffs sent a letter to defendants raising several issues with their initial disclosures. Plaintiffs claimed that the disclosures were missing several key pieces of evidence they expected to get, including videos, photos, phone bills,

---

    [2]     Plaintiffs also filed what appears to be an incomplete duplicate of their reply in support of motion to compel. Docket No. 93. The court considers only the reply at docket number 87.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

communications, and contact information for various witnesses. *See* Decl. of Mitchell C. Motu ISO Defs.' Opp. to Mtn. to Compel, Ex. B. On December 17, defendants responded that they did not produce most of the evidence requested by plaintiffs because they did not intend to use it at trial. *See id.*, Ex. C. Defendants also refused to turn over contact information for their employees on the basis that they are represented by counsel. Instead, defendants offered to make them available for depositions and written discovery.

On December 17, 2020, defendants also served on plaintiffs a notice of issuance of subpoena for production of documents for Jones Legal, Inc. c/o Jennifer Jones. *See* Decl. of Mitchell C. Motu ISO Opp. to Mtn. to Quash, Ex. B at 13-14. Jones represented Green in the personal injury case from which the settlement check in question originated. Defendants seek all communications between plaintiffs and Jones Legal regarding the incident; letters of representation; communications between Jones Legal and the local U.S. Bank branch; and other documents concerning the incident. *See id.* at 10. Defendants served the subpoena on December 22, 2020. *See id.* at 11.

The parties exchanged final communications regarding their discovery disputes on December 22, 2020. *See id.*, Exs. D, E. In addition to reiterating their previous arguments, plaintiffs also accused defendants of destroying evidence. Defendants maintained that plaintiffs were misconstruing the purpose of initial disclosures and attempting to gain an unfair advantage by blocking their subpoena to Jones Legal.

### III. DISCUSSION

Before addressing the merits of plaintiffs' discovery motions, the court considers defendants' requests for sanctions against plaintiffs for their failure to comply with the Local Rules. Local Rule 37-2 requires parties to file a joint stipulation for every discovery dispute unless otherwise ordered by the court. Local Rules 37-2.1 and 37-2.2 establish the substantive and procedural requirements for such joint stipulations.

None of plaintiffs' motions are in the form of a joint stipulation as required by the Local Rules. Plaintiffs acknowledge that they knew of the requirement but argue that defendants ignored their request to draft a joint stipulation. Although that is not enough to excuse compliance with the rules, the court will consider plaintiffs' motions this time and deny defendants' requests for sanctions in light of plaintiffs' pro se status and to avoid delaying resolution of the parties' discovery disputes. In the future, however,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

plaintiffs must strictly follow the Local Rules, especially Rules 37-2.2 and 37-2.4, which outline the moving party's duties and how to proceed in the event of non-cooperation from the opposing party. Failure to follow any court rules in the future may result in sanctions against the noncomplying party or parties, including monetary sanctions.

### A.      The Court Will Not Quash the Subpoena to Jones Legal, but Modifies It

Parties in civil litigation may issue subpoenas to command non-parties to produce documents, electronically stored information ("ESI"), or tangible things. Fed. R. Civ. P. 45(a). The general rule is that "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citation omitted).

Plaintiffs move to quash defendants' subpoena to Jones Legal on the bases that it was improperly served and seeks documents protected by the attorney-client privilege and work product doctrine. *See* Mtn. to Quash at 2.

#### 1.      Plaintiffs' Procedural Objection to the Subpoena Is Overruled

Under Rule 45(a)(4), the issuing party must serve a notice and copy of a subpoena for production of documents on each party before serving it on the person to whom the subpoena is directed. Plaintiffs argue that defendants violated this requirement because they served the subpoena on Jones Legal on December 15, 2020 but did not mail notice to plaintiffs until December 19. Mtn. to Quash at 2.

Plaintiffs' procedural objection fails because the record does not support their version of events. The only admissible evidence of service in the record are the documents that defendants filed as exhibit B to counsel's declaration. *See* Motu Decl. ISO Opp. to Mtn. to Quash, Ex. B; *Hernandez v. Levy Premium Foodservice, LP*, 2014 WL 12561615, at *12 (C.D. Cal. Apr. 29, 2014) (legal memoranda and arguments are not evidence). According to that evidence, defendants served plaintiffs by mail with a notice and copy of the subpoena on December 17, 2020, five days before they served the subpoena on Jones Legal on December 22, 2020. *See* Motu Decl. ISO Opp. to Mtn. to Quash, Ex. B at 11, 14. Plaintiffs argue that Rule 45 requires notice to the opposing party at least 25 days before service on the intended target, but no such requirement exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

Thus, the court overrules plaintiffs' procedural objection to the subpoena.

### 2. Plaintiffs' Substantive Objection to the Subpoena Is Unsupported and Premature

Plaintiffs argue that all of the subpoenaed documents are protected from disclosure to defendants by the attorney-client privilege and work product doctrine. Mtn. to Quash at 2-3. They contend that Green may invoke these privileges because Jones and her firm represented her in the personal injury case. *Id.* As for James, he allegedly sought Jones's legal advice regarding the instant case. *Id.* at 3. Defendants counter that the attorney-client privilege does not apply where an attorney has specifically stated they would not represent an individual in a given dispute. Opp. to Mtn. to Quash at 2 (citing *Barton v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005)). They also argue that plaintiffs are attempting to secure an unfair advantage by listing Jones as a witness but objecting to discovery from her. *See id.*

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." *U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (internal quotation marks and alteration omitted). The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). The work product doctrine is a qualified privilege that protects documents prepared by a party or its representative in anticipation of litigation. *U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020). At its core, the doctrine protects an attorney's mental processes and prevents "exploitation of a party's efforts in preparing for litigation." *Id.* (internal quotation marks omitted).

To begin, the court rejects defendants' argument that the attorney-client privilege does not apply because Jones did not ultimately represent plaintiffs in this action. "Prospective clients' communications with a view to obtaining legal services are plainly covered by the attorney-client privilege under California law, regardless of whether they have retained the lawyer, and *regardless of whether they ever retain the lawyer*." *Barton*, 410 F.3d at 1111 (emphasis added) (citing *Beery v. State Bar*, 43 Cal. 3d 802, 811, 239 Cal. Rptr. 121, 739 P.2d 1289 (1987)); *see Trevino v. Golden State FC LLC*, 2019 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

3892356, at *7-8 (E.D. Cal. Aug. 19, 2019) (communications with attorneys who are not subsequently retained are still privileged). Defendants are mistaken to the extent they believe *Barton* stands for the opposite proposition. The part of the opinion they cite only applies where an individual discloses confidential information *after* a lawyer has already refused to undertake representation. *See People v. Gionis*, 9 Cal. 4th 1196, 1209-10, 40 Cal. Rptr. 2d 456, 892 P.2d 1199 (1995) (because attorney clearly stated he would not represent individual, subsequent disclosure of confidential information was not protected).

Even so, the court cannot determine on this record whether any of the documents requested by defendants are privileged without the benefit of a more detailed inventory of responsive documents.[3] Because Jones Legal is in the best position to ascertain what responsive documents it possesses and whether they are privileged, the court will not quash the subpoena. Jones Legal must produce non-privileged documents responsive to the subpoena, and any documents withheld on grounds of privilege must be described on a privilege log. Plaintiffs may work with Jones Legal on the log and privilege issues.

Although Jones Legal must for the most part comply with the subpoena as drafted, the court modifies request number four in the subpoena. The universe of documents responsive to that request likely includes many irrelevant and possibly privileged records regarding Green's personal injury case. For example, the court is not convinced that the underlying settlement agreement or communications regarding negotiation of the settlement are relevant to the resolution of this case. To require Jones Legal to sort through all such records and list those that are privileged on a log when their relevance is so dubious would be unreasonable. Accordingly, in response to request four, Jones Legal must only produce writings, including communications, concerning the cashing or depositing of the check.

Once Jones Legal complies with the subpoena, if defendants believe they are entitled to any withheld documents, they shall meet and confer with plaintiffs. In general,

---

[3] Plaintiffs list several documents, including emails and text messages, in a privilege log attached to their motion. *See* Mtn. to Quash, Privilege Log at 13-14. But the log is vague as to the content of the documents and relevant dates, and it is unclear whether that list includes all potentially responsive documents in Jones Legal's possession.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

plaintiffs cannot use the attorney-client privilege and work product doctrine as both a sword and a shield. If plaintiffs call Jones as a witness, some or all of the privileged information may be subject to discovery. *See Sanmina*, 968 F.3d at 1119 ("Similar to the waiver of the attorney-client privilege, a litigant can waive work-product protection to the extent that he reveals or places the work product at issue during the course of litigation."). Otherwise, plaintiffs would have the unfair advantage of potentially presenting favorable privileged information while hiding the unfavorable. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (parties cannot selectively disclose privileged information).

For these reasons, and with the modification described, plaintiffs' motion to quash is denied.

**B.      Plaintiffs' Motion to Compel Initial Disclosures Is Largely Frivolous but Defendants Must Provide Contact Information for Unrepresented Witnesses**

Plaintiffs argue that defendants violated their duty to provide complete initial disclosures by failing to produce: (1) the names, addresses, and numbers of U.S. Bank employees who witnessed the incident in question; (2) ESI, including emails; (3) video(s) of the incident; and (4) defendants' insurance information. *See* Mtn. to Compel at 2, 5-6. Plaintiffs insist that defendants had to produce this evidence as part of their initial disclosures regardless of whether they intend to use it at trial. *See id.* Defendants respond that plaintiffs misunderstand the purpose and scope of initial disclosures. *See* Opp. to Mtn. to Compel at 2. They argue they are only obligated to automatically disclose evidence that they intend to use in support of their claims or defenses. *Id.* They also refuse to disclose the contact information for employees who witnessed the incident on the grounds that it is private and plaintiffs may not contact represented parties directly. *See id.*

Rule 26 provides that a party has to identify witnesses and produce documents that it "may use to support its claims or defenses, unless the use would be solely for impeachment." *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Thus, initial disclosures are limited in scope and not a substitute for other discovery methods, namely, requests for production of documents, interrogatories, depositions, and requests for admissions.

First, defendants have no duty to identify all relevant witnesses and evidence as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

part of their initial disclosures. Defendants have to disclose only those witnesses and documents, including ESI and videos, that they intend to use to support their claims or defenses. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 619-20 (C.D. Cal. 2013) ("That certain documents might be useful to plaintiffs in proving their claims does not trigger defendant's obligation of automatic disclosure under Rule 26." (internal quotation marks and alterations omitted)). That does not necessarily mean that plaintiffs do not get to see that evidence. They can issue interrogatories asking defendants to identify all witnesses they know of (*see* Fed. R. Civ. P. 33) and requests for production of documents asking for relevant ESI, video of the incident, and other documents (*see* Fed. R. Civ. P. 34). Defendants will then get the opportunity to either provide the requested evidence or object to plaintiffs' discovery requests if they have a legal basis to do so. *See* Fed. R. Civ. P. 33(b) (rules for answering or objecting to interrogatories); Fed. R. Civ. P. 34(b)(2) (rules for responding or objecting to requests for production of documents).

Second, the court rejects plaintiffs' request for defendants' insurance information. Defendants were clear in their initial disclosures that they are "self-insured for any and all damages Plaintiffs could be entitled to in this matter" and that "there is no applicable insurance agreement to disclose herein." Motu Decl. ISO Opp. to Mtn. to Compel, Ex. A at 6. The court cannot force defendants to produce something that does not exist.

Third, as to the dispute over witness contact information, the court can only establish some general principles given that it is unclear which witnesses are at issue here. As far as the court can tell, some of the witnesses in question are defendants in this case, some are corporate managing agents, and the rest are other low-level employees of U.S. Bank. Defendants refuse to provide contact information for any of these witnesses.

Defendants' reliance on the rules of professional responsibility for attorneys, including Model Rule 4.2, is misplaced. Unless either of the plaintiffs is an attorney, there is no rule preventing them from communicating directly with any witnesses, including opposing parties, represented or not. *See* Model Rules of Pro. Conduct r. 4.2, cmt. 4 (Am. Bar Ass'n 2020) ("Parties to a matter may communicate directly with each other . . . ."); Ronald E. Mallen, Legal Malpractice § 32:78 (4th ed. 2021) ("The rule against communication with represented parties applies to lawyers, not to the parties themselves."). To be sure, every witness has the right to refuse to communicate with plaintiffs absent a court order. But plaintiffs can at least attempt to discuss the case with them informally. To do so, plaintiffs seek the home addresses and phone numbers for all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

witnesses. Defendants object to disclosing their employees' contact information on the basis of privacy.

The right to privacy in federal court is not absolute. *Edwards v. Cnty. of Los Angeles*, 2009 WL 4707996, at *3 (C.D. Cal. Dec. 9, 2009). "In determining whether privacy is subject to invasion, the court must balance [the] asserted right to privacy against the relevance and necessity of the information sought . . . ." *Id.* (citing cases).

Here, the court balances the employee witnesses' right to privacy with plaintiffs' right to seek discovery directly from all witnesses. With respect to represented individuals, the court finds that plaintiffs have not established a need for their personal contact information.[4] *See, e.g.*, *Nguyen v. Cnty. of Clark*, 2010 WL 4483819, at *1 (W.D. Wash. Oct. 29, 2010) (no personal contact information necessary for represented individuals). If plaintiffs wish to communicate directly with those individuals, they can make that request through defense counsel. To be clear, however, defense counsel must actually communicate any such request to their clients so that they can choose whether or not to agree to plaintiffs' informal invitation to discuss the case. Consistent with California ethics rules, defense counsel may advise their clients to not engage in direct communications with plaintiffs absent a court order, but it is ultimately their clients' choice. *See* Cal. R. Prof. Conduct 4.2, cmt. 3 (State Bar of Cal. 2020). Even if they do not wish to speak to plaintiffs informally, defense counsel has already stated that they would make their clients available for formal discovery, including depositions. Thus, the

---

[4] It is unclear whether the "control group" doctrine protects the personal contact information of managing agents from disclosure to non-attorneys. The court need not decide that issue, however, because defense counsel has agreed to accept service on behalf of such employees. Thus, the court includes managing agents in the category of represented individuals for purposes of whether defendants have to disclose their personal contact information to plaintiffs. Further, the court agrees that Michael Kuhn, Jeff Nace, and Lindsey Poker meet the definition of a managing agent because they each "exercise substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 577, 88 Cal. Rptr. 2d 19, 981 P.2d 944 (1999); *Snider v. Super. Ct.*, 113 Cal. App. 4th 1187, 1208-09, 7 Cal. Rptr. 3d 119 (2003) (applying managing agent test to enforcement of attorney-client privilege); Motu Decl. ISO Opp. to Mtn. to Compel ¶¶ 8-10 (asserting that Kuhn, Nace, and Poker all have the authority to devise corporate policies).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

court is convinced that plaintiffs' right to discovery in this case will not be undermined by the lack of personal contact information for represented individuals.

On the other hand, plaintiffs are entitled to receive, to the extent defendants know and have a legal duty to provide it, the contact information (home addresses and phone numbers) for witnesses who are not represented by counsel. *See Ramirez v. Olympic Health Mgmt. Sys., Inc.*, 2008 WL 11335114, at *3-4 (E.D. Wash. July 24, 2008) ("Home address disclosure is not overly invasive and is necessary for, *inter alia*, service of subpoenas."). Plaintiffs will need that information to contact those witnesses informally or request formal discovery under Rule 45.

Accordingly, the court grants in part and denies in part plaintiffs' motion to compel initial disclosures as specified above. No later than five days after entry of this order, defendants shall supplement their initial disclosures with the contact information for all unrepresented individuals they intend to call as witnesses.

**C.      Plaintiffs' Spoliation Motion Is Premature**

Plaintiffs request sanctions for spoliation of evidence on the grounds that defendants allegedly destroyed relevant emails. Spoliation Mtn. at 2. Plaintiffs allege that those emails detailed defendants' conduct during and after the incident. *See id.* at 8-9. Plaintiffs ask the court to enter judgment in their favor to remedy the disadvantage they now face as a result of defendants' spoliation of evidence. *See id.* at 9. Defendants counter that the motion is premature because plaintiffs have yet to serve any discovery requests. *See* Opp. to Spoliation Mtn. at 2. Defendants also claim that there are no relevant emails to produce in this case, since all communications between defendants and other employees happened over Skype instant messaging. *See id.* They allege that such messages could not be retained. *See id.*

Federal courts possess the inherent authority to levy sanctions against a party that destroys relevant evidence. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Specifically, "[s]anctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information." *WM. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

    The court agrees with defendants that plaintiffs' motion is premature. Courts must exercise their inherent powers with "'restraint and discretion' and only to the degree necessary to redress . . . abuse." *Reinsdorf*, 296 F.R.D. at 626 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). Here, there is no abuse for the court to address. Because plaintiffs have yet to issue any written discovery requests, defendants are technically under no legal obligation to produce any documents other than what they intend to use at trial. Although defendants have been willing to informally share certain details about the evidence in their possession, it would be best for plaintiffs to issue formal discovery requests, which will trigger defendants' "duty under Rule 34 to conduct a diligent search and reasonable inquiry in [an] effort to obtain responsive documents." *Kaur v. Alameida*, 2007 WL 1449723, at *2 (E.D. Cal. May 15, 2007). Even if no responsive emails exist, there may be a way for defendants to retrieve the Skype messages that their employees exchanged in response to the incident.[5] As such, the court denies plaintiffs' premature spoliation motion.

### D.    Obligations of Pro Se Parties

    A consistent theme of plaintiffs' arguments is their belief that defendants are obstructing discovery. It appears, however, that the real issue is that plaintiffs are not using the correct discovery tools to accomplish their objectives. Indeed, most of the disputes before the court would have been resolved if plaintiffs had carefully reviewed the Federal Rules of Civil Procedure and Local Rules. That is plaintiffs' duty, not a suggestion. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which [she] litigates."); L.R. 1-3 ("Persons appearing pro se are bound by [the Local Rules], and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise."). Accordingly, the court directs plaintiffs to review all of the above-mentioned rules and the others in the Federal Rules of Civil Procedure that govern discovery. If they fail to do adhere to these rules,

---

    [5]    Defendants claim that Skype instant messages cannot be saved; however, defendants must inquire and confirm that is the case. If plaintiffs issue discovery requests for those messages, the court expects that defendants will take all reasonable steps to recover those messages or be ready to explain why it is not possible to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | February 5, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

plaintiffs may face sanctions for future frivolous motions or simply run out of time to conduct proper discovery in support of their case.

## IV. ORDER

      For the foregoing reasons, the court denies (with one modification) plaintiffs' motion to quash a subpoena (docket no. 78), grants in part and denies in part plaintiffs' motion to compel initial disclosures (docket no. 80), and denies plaintiffs' motion for sanctions for spoliation of evidence (docket no. 83), as set forth above.