| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Denying Plaintiffs' Motion to Compel, and Denying Plaintiffs' Motion for Spoliation Sanctions Without Prejudice to Refiling After Further Discovery [99, 100, 101]**

# I. INTRODUCTION

Before the court are what amount to two discovery motions filed by plaintiffs Hudena James and Mercedes Green: A joint stipulation (JS) regarding a motion to compel and a motion for spoliation of evidence filed on March 29, 2021 (docket no. 99); a duplicative motion for spoliation of evidence filed on March 24, 2021 (docket no. 100); and a duplicative motion to compel responses to requests for production of documents filed on March 24, 2021 (docket no. 101). Defendants opposed the March 24 discovery motions on March 30, 2021 (docket nos. 102 (Opp. to Mtn. to Compel), 103 (Opp. to Spoliation Mtn.)). Plaintiffs filed a consolidated reply in support of their March 24 discovery motions on April 8, 2021 (docket no. 104). None of the parties filed supplemental memoranda regarding the March 29 joint stipulation.

The court considered the papers submitted and held a hearing on April 20, 2021. In accordance with the permission granted by the court at the April 20 hearing, defendants filed supplemental declarations on April 27, 2021. For the reasons discussed below, the court now: declines to separately consider the duplicative March 24 discovery motions; denies the March 29 motion to compel; and denies the March 29 spoliation motion for sanctions at this time, without prejudice to refiling after further discovery and meet and confer efforts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

## II. BACKGROUND

On August 22, 2018, plaintiffs filed a complaint against U.S. Bancorp and Andy Cecere. Plaintiffs filed a First Amended Complaint ("FAC") on February 7, 2019, adding defendants U.S. Bank National Association, a.k.a. U.S. Bank, Andy Nguyen, and Kathy Sandoval. Plaintiffs allege that on May 1, 2018, defendants unlawfully discriminated against them on the basis of their race when Green attempted to open a bank account to deposit a $50,000 personal injury settlement check ("the incident"). The employees at the local U.S. Bank branch allegedly told plaintiffs that it was against corporate policy to open accounts for individuals who do not reside or work within six miles of the bank. Shortly after, however, the bank's corporate office opened the bank account for Green over the phone after both plaintiffs called to complain. According to plaintiffs, the corporate office employees stated that the local branch's staff should have opened the account for Green. Plaintiffs claim that the local branch allows white individuals who live or work farther than six miles from the bank to open accounts.

On March 3, 2021, the parties participated in a lengthy phone call to address numerous discovery issues raised by plaintiffs in four meet and confer letters. Decl. of Mitchell C. Motu ISO Defs.' JS Opp. ¶ 6. The parties were able to resolve many of the disputes, except for those discussed in the joint stipulation. *See id.*

## III. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." To be discoverable, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." *Id.* In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

A party may request documents "in the responding party's possession, custody, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

control." Fed. R. Civ. P. 34(a)(1). The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its possession, custody, or control on the date specified. Fed. R. Civ. P. 34(a). In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). In moving to compel the production of documents, the moving party has the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); Fed. R. Civ. P. 37(a)(3)(B)(iv).

Before addressing the merits of plaintiffs' discovery motions, the court considers defendants' request for sanctions against plaintiffs for their failure to comply with the Local Rules.

**A.     Plaintiffs' Separate Motions to Compel and for Spoliation Sanctions Violate Local Rule 37**

On March 24, 2021, plaintiffs filed a motion to compel and a motion for spoliation sanctions that essentially replicate the arguments made in the parties' joint stipulation. Defendants ask the court to consider only the joint stipulation and request reimbursement of their attorneys' fees spent in opposing plaintiffs' duplicative motions. *See* Defs.' Opp. to MTC at 2-4; Defs.' Opp. to Mtn. for Spoliation of Evidence at 2-4.

Local Rule 37-2 dictates the parties "must formulate a written stipulation unless otherwise ordered by the Court." The court does not have to consider any discovery motion in the absence of a joint stipulation or declaration explaining why the motion is not in the form of a joint stipulation. L.R. 37-2.4 (setting forth proper justifications for failure to file a joint stipulation).

Plaintiffs assert their two additional discovery motions are made in compliance with Local Rule 37. Not so. Plaintiffs do not explain why they filed those motions in addition to the parties' joint stipulation. The court will not consider plaintiffs' motions because they are duplicative and violate Local Rule 37-2.4.

This is not the first time plaintiffs have violated Local Rule 37. In January, plaintiffs filed three discovery motions in violation of the joint stipulation requirements (docket nos. 78, 80, 83). In consideration of plaintiffs' pro se status, the court decided to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

consider their motions and denied defendants' request for sanctions. *See* Feb. 5, 2021 Disc. Order (docket no. 95). Nonetheless, the court instructed plaintiffs to strictly follow the Local Rules, especially Rules 37-2.2 and 37-2.4, in the future, and warned that "[f]ailure to follow any court rules in the future may result in sanctions against the noncomplying party or parties, including monetary sanctions." *Id.* at 3-4.

With the instant motions, plaintiffs complied with the joint stipulation requirement, but also separately filed their motions. Plaintiffs indicated at the hearing that they believed they needed to file separate motions in addition to the joint stipulation. They did not, and their separate motions were improper. Given their apparent confusion on this point, the court finds sanctions for this mistake are not warranted. But the court expects there will be no such further confusion in the future.

**B.    Request for Defendants Andy Nguyen's and Kathy Sandoval's Complete Personnel Files**

Plaintiffs seek the complete personnel records of defendants Nguyen and Sandoval in order to explore whether they were ever "demoted, chastised, criticized, or reprimanded for racist treatment of public customers or if any customer ever complained about the treatment that they received at the US Bank." JS at 7. Plaintiffs argue the records are relevant to prove that those defendants treated the public with racial bias. *Id.* (quoting *Rivera v. DHL Glob. Forwarding*, 272 F.R.D. 50 (D. P.R. 2011) & *Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005)). Plaintiffs contend the relevance of the personnel files outweighs those defendants' interests in keeping them private. *Id.*

Defendants complain plaintiffs' requests for complete personnel files are overbroad and constitute a great invasion of privacy. JS at 8. Defendants argue plaintiffs have no compelling interest in obtaining information concerning, for example, salaries, potential health issues, and worker's compensation claims. JS at 8-9 (citing *In re The Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980) & *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999)). Defendants also claim plaintiffs rejected their proposal to produce only prior complaints of racial discrimination against Nguyen and Sandoval. *Id.*

Federal courts recognize an individual's privacy interest in his or her personnel files. *Bernal v. United Parcel Serv.*, 2009 WL 10675955, at *2 (C.D. Cal. Oct. 27, 2009)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

(citing *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 319 n.16, 99 S. Ct. 1123, 59 L. Ed. 2d 333 (1979) & other cases). "Personnel files often contain sensitive personal information and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Id.* (quoting *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008)). Discovery of personnel files should be limited to material that is "clearly relevant" and not otherwise readily obtainable. *See id.* (citation omitted) (need for discovery must be compelling).

The court agrees with defendants that plaintiffs' request is overbroad. Plaintiffs do not explain how defendants' complete personnel files are "clearly relevant" to plaintiffs' racial discrimination claims. As far as the court can tell, the only clearly relevant evidence in the personnel files is information regarding prior complaints of racial bias, and defendants have already agreed to produce that evidence. *Cf. Burke v. City of Santa Monica*, 2011 WL 13213593, at *17 (C.D. Cal. Jan. 10, 2011) (evidence of prior complaints of a police officer's use of excessive force against African Americans is admissible to prove intent to discriminate). Accordingly, the court denies plaintiffs' motion to compel production of complete personnel files, and orders defendants to produce all evidence regarding complaints of racial bias and related discipline against defendants Nguyen and Sandoval.

## C. Request for Statistical Breakdown of African American Branch Managers

Plaintiffs seek a statistical breakdown of African American employees working at the branch to show bias in the workplace. *See* JS at 6; Motu Decl., Ex. A at 9-10. Plaintiffs claim defendants collect this information using the federal government's EEO-1 form. *See* JS at 6. Plaintiffs argue bias in the workplace is relevant to this case because it affects the type of treatment the public receives. *See id.* (quoting *Jefferson v. Burger King Corp.*, 505 Fed. App'x 830 (11th Cir. Jan. 29, 2013)).

Defendants argue the race of their employees is irrelevant because a defendant's non-minority status cannot be circumstantial evidence of discrimination. JS at 9. Defendants further contend plaintiffs' citation to *Jefferson* is misplaced because that case deals with a workplace discrimination claim where the race of the other employees was relevant. JS at 10.

The court appreciates plaintiffs' concern that how an employer treats its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

employees may say something about how it treats its customers.  Even so, the connection between possible workplace discrimination and public accommodation discrimination is too slim and speculative here.  Further, the court was unable to find a case treating evidence of workplace racial discrimination as circumstantial evidence of racial discrimination against that business's customers, and for good reason.  If the court adopted plaintiffs' theory, it would essentially have to conduct a mini trial, separate from the merits of this case, to determine whether workplace discrimination actually exists at defendants' business.  Then there is the question of whether the workplace discrimination must also be intentional to serve as circumstantial evidence of intentional discrimination against customers, or whether other types of workplace discrimination suffice.  Plaintiffs offer no argument that would allow the court to make the leap from workplace discrimination to what plaintiffs are trying to prove here.  *See Dupree v. Cnty. of Los Angeles*, 2010 WL 11597483, at *3 (C.D. Cal. Jan. 15, 2010) ("It is not the job of this court to develop arguments for [any party]." (internal quotation marks omitted)).  Thus, the court denies plaintiffs' motion to compel production of a statistical breakdown of the race of defendants' branch managers.

### D. Request for Statistical Breakdown of African American Bank Account Holders

Plaintiffs also request statistical data of the race of defendants' customers.  *See* JS at 5-6; Motu Decl., Ex. A at 10.  They argue this information will help establish racial bias in this case given that one of the elements of the Unruh Act and § 1981 is disparate treatment based on race.  *See* JS at 5-6 (quoting *Jefferson*, 505 Fed. App'x 830).  Plaintiffs claim the Federal Deposit Insurance Corporation requires the bank to collect this information.  *See* JS at 6.

Defendants argue the data plaintiffs seek does not exist, and if it did it would be irrelevant to the case.  *See* JS at 10.  Defendants claim plaintiffs intend to prove their case by showing a disparate statistical impact of defendants' fraud policy, which is the policy that defendants argue led them to deny service to plaintiffs.  *See id.*  But defendants argue a disparate impact analysis does not apply to plaintiffs' intentional discrimination claims.  *See id.* (citing *Harris v. Cap. Growth Invs. XIV*, 52 Cal. 3d 1142, 1175, 278 Cal. Rptr. 614, 805 P.2d 873 (1991)).

Although defendants claim the requested statistical data does not exist, there is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

evidence they have supplemented their RFP response to state so. If what they say is true, the court cannot force defendants to produce something that does not exist. Accordingly, the court denies plaintiffs' motion to compel production of statistical data regarding customers' race, and orders defendants to supplemental their RFP response to verify that such documents do not exist.

**E.    Document Requests to Defendant Andy Cecere**

Plaintiffs argue the court's February 10, 2021 protective order does not shield defendant Cecere, U.S. Bank's CEO, from all discovery, especially discovery that is specifically tailored to him. *See* JS at 8. Defendants maintain Cecere has no personal knowledge of the incident in question. JS at 11. Thus, defendants argue plaintiffs' requests are cumulative and unlikely to produce any relevant evidence not already possessed by lower-level employees. *Id.*

Contrary to plaintiffs' assertion that they are only asking for seven documents from defendant Cecere, the record shows they served him with 24 RFPs. *See* Motu Decl., Ex. E. In its February 10, 2021 order, the court clearly informed plaintiffs they must have a reasonable basis to request cumulative discovery from defendant Cecere. Feb. 10, 2021 Disc. Order at 4 (docket no. 96). The court also ordered plaintiffs to focus their discovery on those individuals most knowledgeable about the incident before attempting to seek information from defendant Cecere who is unlikely to have much, if any, relevant evidence not possessed by lower-level employees. *Id.*

Despite the court's guidance and instructions, many of plaintiffs' discovery requests continue to be unreasonably cumulative and not tailored to defendant Cecere. *See* Motu Decl., Ex. E at RFP Nos. 3-7, 9-16, 18-21, 23-24 (requesting communications with other defendants, corporate policies, documents referring to the May 1, 2018 incident, personnel files for all defendants, training materials, and statistical data on employees and customers). Although some of the requests are facially tailored to defendant Cecere, those requests are overbroad and ask for irrelevant records without any consideration for defendant Cecere's limited involvement in the incident in question. *See id.* at RFP Nos. 1-2, 8, 17, 22 (requesting defendant Cecere's personnel file, complaints of discrimination against him by employees, resume, job descriptions, "checklists," "goals," and evidence of visits to the local bank branch in question). For these reasons, the court denies plaintiffs' motion to compel RFP responses from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

defendant Cecere.

**F.    Defendants' Alleged Spoliation of Evidence**

Plaintiffs argue defendants intentionally and negligently spoiled evidence despite receiving a preservation letter on May 10, 2018.  JS at 5.  Specifically, plaintiffs claim defendants destroyed relevant Skype messages, emails, and video surveillance from the May 1, 2018 incident.  *See id.*  As far as sanctions for defendants' alleged spoliation of evidence, plaintiffs request either a warning to defendants to stop destroying relevant evidence, $10,000 from each defendant, notification to the jury of defendants' spoliation, or entry of judgment in favor of plaintiffs in the amount of $300,000 per defendant.  *See* JS at 5, 14 (citing *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984)).

Defendants focus their opposition on the Skype messages and video surveillance because they assert there have never been emails relevant to this case.  Defendants argue they had no obligation to retain Skype messages or video surveillance because that data was erased before plaintiffs filed this action and plaintiffs' preservation letter only referenced emails.  JS at 13.  For the same reasons, they deny having a culpable state of mind in letting the data automatically erase.  *See id.*  They also argue that, in any event, the Skype messages and video surveillance would not have been relevant because defendants do not dispute most of plaintiffs' factual allegations.  *See* JS at 13-14.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 625 (C.D. Cal. 2013) (internal quotation marks omitted).  Federal courts possess the inherent authority to levy sanctions for spoliation.  *See Glover*, 6 F.3d at 1329.  Specifically, "[s]anctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information." *WM. T. Thompson Co.*, 593 F. Supp. at 1455.  Courts must exercise their inherent powers with "'restraint and discretion' and only to the degree necessary to redress . . . abuse." *Reinsdorf*, 296 F.R.D. at 626 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

"The bare fact that evidence has been altered or destroyed does not necessarily mean that the party has engaged in sanction-worthy spoliation." *Id.* (internal quotation marks omitted). To determine whether sanctions are appropriate, courts in the Ninth Circuit apply a three-part test that considers whether: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the parties' claims or defenses. *See id.* (citing cases).

Courts have broad discretion to determine the proper sanction for spoliation, which can range from further discovery, cost-shifting, fines, special jury instructions, preclusion, or terminating sanctions. *See id.* (citations omitted). To decide which sanction to impose, courts generally consider: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012) (internal quotation marks omitted). Sanctions are designed to "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Reinsdorf*, 296 F.R.D. at 626 (internal quotation marks omitted).

As an initial matter, the court has no reason to doubt defendants' claim that no relevant emails have ever existed. *See* Supp. Motu Decl., Ex. G (Sandoval Response to RFP No. 4 for emails, stating none exist and Sandoval communicated via Skype). Thus, the court denies plaintiffs' motion for spoliation sanctions as to emails. *See Lakes v. Bath & Body Works, LLC*, 2019 WL 2124523, at *3 (E.D. Cal. May 15, 2019) (denying spoliation motion where plaintiffs' argument that desired evidence ever existed was based on pure speculation).

With respect to video surveillance, the court finds it would be of limited relevance. The crux of this case concerns the parties' communications on the date of the incident and defendants' state of mind and reasoning for denying service to plaintiffs. Defendants' video surveillance has no sound (*see* Supp. Motu Decl. ¶ 5), and thus would not have provided evidence relevant to any of those core issues. It would, as plaintiffs argue, have established plaintiffs' presence at defendants' business, that certain defendants were likely aware of plaintiffs' race, the length of time plaintiffs spent there,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

and the general demeanor of all concerned. Most of these matters are not in dispute. The court appreciates that the video may have been helpful to plaintiffs in telling their story, and it should have been preserved. But the prejudice from its loss is minimal enough that, by itself, such spoliation does not warrant sanction.

Whether sanctions are warranted comes down to the Skype messages, and as to these, the court finds plaintiffs' spoliation arguments persuasive. First, the court agrees with plaintiffs that such messages were relevant to this case. During the incident in question, at least defendant Sandoval and other employees of the bank exchanged Skype messages regarding plaintiff Green's efforts to cash her settlement check. *See* JS at 12-13. Obviously, neither plaintiffs nor the court can conclusively determine the degree to which those messages would have supported plaintiffs' claims, if at all. But the court need only conclude that the destroyed evidence was *potentially* relevant to the litigation. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (citation omitted) ("[B]ecause the relevance of destroyed documents cannot be clearly ascertained because the documents no longer exist, a party can hardly assert any presumption of irrelevance as to the destroyed documents." (internal quotation marks and alterations omitted)). Here, it is likely the Skype messages contained evidence of defendants' state of mind and reasoning for denying service to plaintiffs. Although plaintiffs could ask defendant Sandoval and other bank employees involved about the content of the Skype messages, their subjective testimony cannot substitute the objective evidence in those contemporaneous Skype communications. *See id.* at 959-60 (prejudice may be found where spoliation threatened to distort the resolution of the case and force the movant to rely on incomplete and spotty evidence).

Second, the court finds plaintiffs' preservation letter triggered a duty to preserve the Skype messages on May 10, 2018 at least as to defendants U.S. Bank and Cecere. "Although the Ninth Circuit has not precisely defined when the duty to preserve is triggered, trial courts in this Circuit generally agree [it is triggered] as soon as a potential claim is identified." *Apple Inc.*, 888 F. Supp. 2d at 991 (internal quotation marks and alteration omitted).

> A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence. The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

that evidence may be relevant to anticipated litigation.

*Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015) (internal citations omitted).

"Once the duty to preserve attaches, a party must suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." *Id.* at 1052 (internal quotation marks omitted); *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (routine destruction constitutes spoliation where party "had some notice that the documents were potentially relevant to the litigation before they were destroyed" (internal quotation marks omitted)). Making "some efforts" to preserve documents does not meet this obligation; implementation of a full litigation hold to ensure preservation of relevant documents is required. *Apple Inc.*, 888 F. Supp. 2d at 991-92.

On May 10, 2018, nine days after the incident, plaintiffs mailed a preservation letter to defendants Sandoval, Nguyen, and Cecere. *See* Decl. of Mitchell C. Motu ISO Defs.' Mtn. for Protective Order, Ex. F at 60-61 (docket no. 82-2). The subject of the letter read "NOTICE OF DUTY TO PRESERVE EVIDENCE [f]rom May 2, 2018[1] incident involving Hudena James, Mercedes Green[,] Kathy Sandoval[,] and Andy Nguyen." *Id.* at 57. The letter went on to recount plaintiffs' version of the incident and accused Sandoval and Nguyen of violating state and federal anti-discrimination laws. *See id.* at 57-58. Although plaintiffs listed several specific records they wanted defendants to preserve – emails, phone call audio, and videos – they also repeatedly requested defendants preserve all relevant documents. *See id.* at 58 ("[T]he duty to preserve this documentary evidence extends to all documents in existence as of the time you reasonably anticipated this litigation.").

Accordingly, the court finds that upon receipt of plaintiffs' preservation letter, all

---

[1] The preservation letter lists the wrong date of the incident, which actually occurred on May 1, 2018. *See* JS at 3, 5. But defendants do not argue this error interfered with their understanding of what incident the preservation letter referred to.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

of the defendants were reasonably aware of plaintiffs' potential legal claims.[2] *See Apple Inc.*, 888 F. Supp. 2d at 991. Given that Skype messages are archived for 90 days (JS at 13), defendants had approximately 80 days to save the messages before their deletion. *See Kitsap*, 314 F.3d at 1001 (routine destruction is not an excuse for spoliation).

Defendants argue they did not have a duty to preserve the Skype messages because the preservation letter referred only to emails. JS at 13. But again, the preservation letter also asked defendants to preserve all relevant records. Moreover, when a putative defendant identifies a potential claim, it has the duty to preserve all relevant evidence, not just the evidence specifically mentioned by the claimant. To hold otherwise would ignore the reality that aggrieved claimants usually have little knowledge of what relevant evidence the alleged offender possesses.

Nevertheless, the court cannot conclusively determine at this point whether all of the defendants had direct or indirect custody or control over the Skype messages, so as to be able to prevent their deletion. At least indirect control over the relevant records is required for a duty to preserve to attach to a particular party. *See Jerry Beeman & Pharmacy Servs., Inc. v. Caremark Inc.*, 322 F. Supp. 3d 1027, 1035-36 (C.D. Cal. 2018). It appears that defendants U.S. Bank and Cecere had at least indirect control, if not also direct control, over the Skype messages in light of their corporate authority. *See Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (actual possession of a document is not required as long as responding party has legal right to obtain the document or control over the entity who is in possession of the document). On the other hand, defendant Sandoval claims she only had access to the Skype messages on May 1, 2018, the day of the incident. Decl. of Kathy Sandoval ISO Defs.' JS Opp. ¶ 5. And there is no evidence that defendant Nguyen had access to the Skype messages at any time.

Furthermore, there is insufficient evidence in the record about defendants' state of

---

[2] Although plaintiffs did not send the letter directly to U.S. Bank's counsel, it is reasonable to infer that the letter they sent to defendant Cecere, U.S. Bank's CEO, at corporate headquarters also gave notice of plaintiffs' possible lawsuit to the corporate defendant. Indeed, defendants do not argue that any of them did not receive the preservation letter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

mind concerning the preservation of relevant evidence prior to litigation. For example, there is no evidence as to whether or when defendants implemented a full litigation hold to preserve relevant records. The court needs more information to determine whether defendants allowed the destruction of the Skype messages with a culpable state of mind. *See Reinsdorf*, 296 F.R.D. at 628 (a culpable state of mind includes negligence).

Finally, if the court concludes that defendants are guilty of spoliation, plaintiffs must develop the factual record further before the court can determine the appropriate spoliation sanction to recommend to the district judge. At the very least, plaintiffs must conduct further discovery, such as depositions or interrogatories, and engage in additional meet and confer sessions to ascertain and evaluate defendants' position as to approximately how many relevant Skype messages were deleted, the identities of the parties to those messages, and the content of the deleted Skype messages. The answers to these questions will assist the court in evaluating defendants' degree of fault and the degree of prejudice suffered by plaintiffs. *See Apple Inc.*, 888 F. Supp. 2d at 992 (discussing relevant factors to consider in determining a spoliation sanction).

For these reasons, the court denies plaintiffs' motion for spoliation sanctions at this time subject to refiling once further discovery and meet and confer efforts occur. Defendants must cooperate fully with plaintiffs in those formal and informal discovery efforts.

## G.     Defendants' Request for Expenses Under Rule 37

Defendants request sanctions of $500 to slightly offset the costs incurred in having to defend against plaintiffs' frivolous motions. JS at 14. Federal Rule of Civil Procedure 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorneys' fees, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

Although the court denies plaintiffs' motion for spoliation sanctions at this time, defendants are not the prevailing parties given that denial is without prejudice to refiling it and plaintiffs' position is substantially justified. Defendants are the prevailing parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1762-FLA (SPx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Hudena James et al. v. US Bancorp et al. | | |

with respect to plaintiffs' motion to compel. But since these motions were filed together, there is no breakdown of time spent on each motion, and at least some of plaintiffs arguments in support of their motion to compel are not frivolous, an award of expenses to defendants would be unjust under these circumstances.

## IV. ORDER

For the foregoing reasons, the court declines to separately consider and denies as duplicative plaintiffs' March 24 discovery motions (docket nos. 100, 101); denies plaintiffs' March 29 motion to compel (docket no. 99), apart from ordering defendants to supplement their response to the request for a statistical breakdown of African American account holders, as described above; and denies plaintiffs' March 29 spoliation motion for sanctions (docket no. 99), without prejudice to refiling after further discovery and meet and confer efforts, as set forth above.